IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT, MAY TERM 1839.

## Hannah *against* Swarner.

If a man make a deed to two, and deliver it to one of them only, and say nothing of the other on the livery, the deed is void as to him.

The delivery is matter of fact to be determined by the jury.

ERROR to the common pleas of *Perry* county.

Sarah Hannah against William Swarner. Ejectment for a tract of land.

"The jury found the following special verdict, upon which the parties agree, that the court shall render a judgment, with leave to either party to sue out a writ of error without oath or bail.

"On the 6th of April 1815, Joseph Smith died, having first, on the 6th of March 1815, made his last will and testament, by which he directs his executor to sell all his estate, real and personal, and out of the purchase-money to pay certain legacies to his five children and one grandchild. On the 5th of October 1818, the legatees under the said will entered into an agreement to divide the real estate of the said Joseph Smith, deceased, among themselves, in parts proportioned to the amount of the legacies bequeathed to them by the said will. After this agreement was executed, the parties to it ascertained that the part allotted to John Smith, Sarah

Hannah, and Jesse Miller, was of the value of 66 dollars 67 cents, as of the 1st of April 1832, more than the part allotted to Elizabeth, Mary, and Joseph, and for this sum, 66 dollars 67 cents, John Smith, John Hannah, and Jesse Miller, gave a note to Joseph Smith, Elizabeth Smith, and John White. On the 3d of May, 1820, the executors named in the will of Joseph Smith, deceased, executed a deed of conveyance to John Smith, John Hannah, and Jesse Miller, for the part of the land allotted to them by the agreement aforesaid, for the respective undivided parts in the said allotment, proportioned to the amount of their several legacies under this will, which conveyance shall be a part of this verdict. Which said deed, in point of fact, was delivered to Jesse Miller, and remained in his possession, and whether the execution and delivery thereof were assented to or not, by the said John Hannah and his wife, or either of them, is not proved; and whether this amount to a delivery of the deed and transfer of the estate to John Hannah, so as to divest the estate of his wife, the jury are ignorant, and refer it to the court.

" On the 1st of April 1821, Hannah and wife went into the occupation of the part allotted to the last three mentioned legatees, and continued to occupy it undivided, until the 27th of May 1835, when Jesse Miller had previously become the owner, by purchase of John Smith's undivided interest; John Hannah and Sarah his wife executed a release to Jesse Miller for sixty-six acres of the said land, as his full part and interest,· and each of the parties went into the exclusive possession of their own parts. On the 10th of August 1824, a suit was brought before George Monroe, Esq., on the note of John Smith, John Hannah, and Jesse Miller, before mentioned, by Joseph Smith, Joseph Bonner, intermarried with Elizabeth Smith, and John White, and upon the final hearing of the case before the justice, it appeared that John Smith and Jesse Miller had paid their proportions of the said note, and a judgment was rendered in their favour, and against John Hannah for 28 dollars 05 cents; for this sum an execution was issued against Hannah, upon which the constable made from Hannah a part of the money, leaving a balance of the said judgment unpaid of 14 dollars 10 cents. A transcript of this judgment was filed in the common pleas the 10th of September 1825, upon which a *fieri facias* issued to August term 1827, upon which a levy was made on the twenty-five acres ninety-four perches aforesaid, as the property of John Hannah, which was condemned, and upon a *venditioni exponas* to August term 1828, the said land was sold to Thomas D. Gorden, who obtained the sheriff's deed therefor, dated 5th November 1838. Thomas D. Gorden proceeded against Hannah, upon his sheriff's title, before two justices of the peace, in pursuance of the act of assembly, and dispossessed him of the said land, and afterwards, on the 30th of April 1823, conveyed the same to the present defendant. John Hannah died on the 11th of May 1837, leaving the said Sarah Hannah surviving him, who is the plaintiff in this suit. If the law be in favour of the plaintiff, the

court will enter judgment for her; if it be in favour of defendant, then judgment for him."

The court below rendered a judgment for the defendant.

*Watts*, for plaintiff in error, cited 5 *Rawle* 140; 1 *Whart.* 264; 3 *Wheat.* 578; 2 *Watts* 9; 1 *Whart.* 179; 4 *Rawle* 182; 11 *Serg. & Rawle* 325; 2 *Serg. & Rawle* 493; 2 *Story's Eq.* 101; 13 *Vez.* 338.

*Penrose*, for defendant in error.

The opinion of the Court was delivered by

Gibson, C. J.—No such facts are found as amount to a delivery in law. It is said in Viner's Abridgment, Faits I, 7:—" If a man make an obligation to two, and deliver it to one of them only, and say nothing of the other on the livery, the deed is void as to him;" for which he cites the Year Book, 3 *H.* 6, 19. So in Hungate's case, 5 *Rep.* 103, an action was not maintained on a bond to perform an award, if made and delivered to the defendants by such a day, on proof that it was delivered to one of them and not to the other. In the verdict before us, no more is found than that the deed was delivered to one of the grantees; for the jury explicitly say, that they are ignorant whether the delivery to him was assented to by the others. In the Bank of Washington *v.* Smith, 5 *Serg. & Rawle* 318, the assent of an absent grantee was presumed; but there was an actual delivery to a third person, and to the grantee's present use—a circumstance which is wanting here, and which is a distinguishing one, perhaps, in all the cases. In Taw *v.* Bury, 2 *Dyer* 167 *b*, A delivered his bond to B to deliver it to the obligee as his deed; the obligee refused to receive it, whereupon B left it; but the obligee afterwards sued and recovered on it, because, by the first delivery it was A's deed without delivery over, though, had it been given to be delivered over on the performance of a condition, it would have been otherwise. But if the writing be given to a stranger without any intimation or declaration of intention, it remains inoperative; " for the bare act of delivery to him, without words, worketh nothing." *Co. Litt.* 36 *a*. The rule to be extracted from all this, is that a delivery to a third person for the present use of the grantee, makes the instrument a present deed; but that a delivery to his use when he shall perform a condition, makes not a present deed, and the grant may be frustrated by his refusal to perform it: and that a bare delivery to a stranger, without words of direction to deliver over to the grantee, either absolutely or conditionally, is merely void. Now the most favourable construction that can be made for the defendant, is to say that, for the purpose of receiving a deed, each of the grantees must be considered as standing in the relation of a stranger to the rest, else a delivery to the one, without direction to deliver it to the others, would perfect the deed as to all, which we have seen is not so; and here it is not

[Hannah v. Swarner.]

found that there was any direction to the grantee who received the deed, it being nakedly affirmed that it was delivered to him and kept in his possession. Had it been given to him for delivery to the others also, it would have presently vested the estate in them without their consent; insomuch that they could not, on the principle of Butler and Baker's case, 3 *Rep.* 25, have divested it by a subsequent expression of oral dissent. But no such fact is found; and we are unable to pronounce, on the premises, that there was a delivery in law. The difficulty is to say whether enough is found to enable us to give judgment for any one. The jury have set forth an instrument in the form of a deed, and it was their business to find a delivery in fact, or circumstances constituting a delivery in law; or to find that it was not delivered at all. The case, then, being insufficiently found, is remitted to another jury to say either that the deed was, in fact, delivered to the grantees, if the evidence shall warrant it, or that it was delivered to one of them, and not to the rest. Other principles may be involved in the cause, which cannot be settled before the facts are ascertained.

Record remitted.