## Amos Ralph v. Daniel Bayley.

WASHINGTON
July,
1839.

No subsequent conflicting possession in lands can be extended, by construction, beyond the limits of the actual adverse possession, for the purpose of defeating a prior constructive possession.

A stranger may insist upon a prior constructive possession as a defence, when sued by the person having no title and no possession but a subsequent conflicting constructive possession.

TRESPASS for breaking and entering plaintiff's close, being lot No. 62, in the first division of lands in Warren, and cutting timber thereon.

Plea, not guilty, with notice of special matter. Issue to the country.

Upon the trial in the county court, the plaintiff gave in evidence a deed of the lot in question from Smith, Booth & Ufford to the plaintiff, dated June 10th, 1836, and recorded in September, 1836.

The plaintiff also introduced testimony tending to prove that in July, 1837, he commenced clearing ten acres of said lot; that in the summer of that year he chopped down the trees growing on about three acres of the land, and that defendant, in January, 1838, entered upon the lot and cut down and carried away a spruce tree.

The defendant, on his part, gave in evidence a deed of the lot in question, together with two other lots of land lying

in Warren, from one Daniel Spencer to Araunah Spear, dated July 18th, 1836, and recorded in August, 1836, and introduced testimony tending to prove that Spear, immediately after the recording of his deed and in the same month, commenced chopping on said lot, and cut down the timber growing on about one acre of land; that in August or September, 1837, he caused the acre last mentioned to be cleared, and that the defendant entered upon the lot, by the direction of Spear, and cut the spruce tree before mentioned.

The plaintiff then introduced testimony tending to prove that the land cleared by Spear was not a part of lot No. 62.

It was conceded that the tree cut by the defendant, was not upon that portion of the lot enclosed by, or in the actual possession of Spear.

The county court instructed the jury, that, if the plaintiff held a deed of lot No. 62, made an entry upon, and took possession of the lot, in the manner attempted to be proved, and the defendant entered thereon and cut the tree in the manner complained of, the plaintiff would be entitled to recover against the defendant, if he was a mere stranger, and did not act by the direction or consent of Spear, although, in fact, Spear made the first entry on the lot.

The jury returned their verdict for the plaintiff. The defendant excepted to the charge of the court.

Other questions were presented in the bill of exceptions, but, as they were not decided by this court, they are here omitted.

*L. B. Peck*, for defendant.

We insist that the court erred in instructing the jury that "the plaintiff would be entitled to recover against the defendant if he was a mere stranger, and did not act by the direction or consent of Spear, although, in fact, Spear made the first entry on the lot." Our first objection to this charge arises from the fact, that the case does not show any evidence to have been given, on the part of the plaintiff, to controvert the fact that the defendant entered by Spear's direction, or tending to show that the parties were at issue on this point. *Birney* v. *Martin*, 3 Vt. R. 236. *Wetherbee* v. *Foster*, 5 id. 136.

In the second place, if Spear had the prior possession of the lot, under his deed, the plaintiff was a trespasser, and he

ought not to be permitted to sustain this action, inasmuch as the defendant may be made liable to Spear for the same act.

*O. H. Smith and Wm. Upham,* for plaintiff.

The opinion of the court was delivered by

BENNETT, J.—We think there was error in the charge of the court, as applied to this case. The case shows that Araunah Spear received a deed of the lot in question from Daniel Spencer, in July, 1836, and the deed was put on record in August following, and that the said Araunah immediately entered into possession, claiming title to the whole lot under his deed, and commenced a clearing and chopped over about one acre, and that, in August or September, 1837, he caused the clearing of this acre to be completed.— It appears, also, that evidence was given to the jury tending to prove the defendant's acts to have been done under Spear.

The effect of this evidence is to extend the possession of Spear, by construction, to the whole lot, as described in his deed. The charge of the court assumes, that if the jury do not find that the defendant acted under Spear, the plaintiff is entitled to recover, though they should find Spear's possession *prior* to any possession of the plaintiff, it being an admitted point that the chopping of the defendant was not on that portion of the lot cleared by Spear.

The plaintiff is a stranger as to the title, and his possession to any part of the lot is subsequent to the possession of Spear, and it does not appear that the alleged trespass of the defendant was committed upon any part of the lot in the *actual* possession of the plaintiff, Spear having had the first *actual* possession of a part, and *constructive* possession of the whole lot, there can be no subsequent conflicting possession extended by construction beyond the limits of the actual adverse possession. *Crowell* v. *Beebe,* 10 Vt. R. 33. *Barr* v. *Gratz,* 4 Cond. R. 426.

It is, then, clear that the plaintiffs could not maintain this action against Spear, and can he against a stranger ?— We think not. The doctrine is well settled, that, in ejectment, the defendant may set up, as a defence, an outstanding title still subsisting in a stranger, though he in no way con-

WASHINGTON, nects himself with such title.    In the present case, as be-
July,
1839.      tween the plaintiff and Spear, the latter has the better title,
_____    that is, the first available possession of that part of the lot
Ralph      where the trespass was committed, and all acts of the plain-
v.       tiff there would be a trespass against Spear.    If the plaintiff
Bayley.    is permitted to recover against a stranger, for the trespass, it
can be no bar to a second recovery, by Spear, for the same
trespass, and we see no good reason why a stranger, when
sued by the plaintiff, may not set up a prior possession in
Spear.    It, in effect, is the same principle that permits a
defendant in ejectment to set up an outstanding title in a
third person.    There is no occasion for deciding any other
question, reserved by the bill of exceptions, as the judgment
below must, on this point, be reversed.    A new trial is,
therefore, granted.