### JUNIUS B. DAVIS *v.* JUDSON WHITE.

*Possession of land, actual and constructive.*

The actual adverse occupancy and possession of a piece of land will prevail over a prior constructive possession of it.

TRESPASS *quare clausum fregit* alleged to have been committed on lot No. 35 in Goshen Gore. Plea, the general issue; trial by jury, September Term, 1854,—POLAND, J., presiding.

The plaintiff read in evidence a certified copy of the charter of

Goshen, and a deed, from Silas J. Holbrook to himself, of said lot No. 35, dated February 24, 1853.

The plaintiff then gave evidence tending to prove, that in 1848, one Niles, who owned land lying northerly of said lot No. 35, felled a large piece of trees, and by mistake cut over upon lot No. 35, some five acres, which he also burned over in 1849. In the fall of 1849, the plaintiff made an arrangement with Silas J. Holbrook, who claimed to own said lot 35, to go on to said lot, and clear off said piece which had been felled and burned over by Niles, and take the crops raised on it; and accordingly, in the fall of 1849 and spring of 1850, the plaintiff did clear off, and enclose with a fence, said five acres, and raised a crop of wheat in 1850, and stocked it down, and in 1851 cut the grass which grew upon it. In the spring of 1852, he fixed up the fences around said five acres, intending to take the crop that year, but the defendant, in July, 1852, cut the hay on said five acres, and afterwards turned in his cattle, and had continued to occupy the same ever since.

The defendant read in evidence a deed of said lot No. 35, from Eliza White to himself, dated July 22, 1852, and gave evidence tending to prove, that about the year 1827, the said Eliza White, with the defendant, her son, moved on to lot No. 12, lying westerly of said lot 35, and cornering thereon, and had ever since lived on said lot; that the same year or year after, Mrs. White and the defendant made a slash fence entirely around lot 35, so as to let her cattle run upon it, and that she, with the aid of the defendant, continued to make repairs and keep up said fence, until the owners of the adjoining lots cleared and fenced their lots, so as to supersede the necessity of it; and that Mrs. White had, ever since her first entry on the lot, continued to keep her cattle upon it in the summer; that in 1836 and 1837, one Huntington lived with Mrs. White, and there was some contract between him and Mrs. White, that he was to have one-half the lot. In those years, Huntington cut timber and made ashes on the lot, and also cut down a piece of trees about four rods wide, across the entire west end of lot No. 35; that about an acre of the land was cleared off by Huntington, and enclosed and planted with potatoes, by one Sawyer, by the consent of Mrs. White and Huntington; that Mrs. White, the defendant and Huntington tapped trees and made sugar on the

lot, and that Mrs White and the defendant had generally every year taken wood and timber off from said lot; but the evidence did not tend to prove that Mrs. White, or the defendant, ever cut any timber or made any clearing, on the five acres which the plaintiff cleared as above stated, or had any enclosure of it, except by the slash fence around the whole lot.

The court charged the jury, that the possession of the plaintiff was sufficient evidence of title in him to support the action unless the defendant showed a better title in himself; that if defendant succeeded in showing a possession of the lot by Eliza White, under a claim of title, prior to the possession of the plaintiff which had not been abandoned, then, by his deed from her, he derived a title which was superior to the title of the plaintiff.

In relation to what would constitute a sufficient possession of the land by Mrs. White,—the jury were instructed, that, where one has no color of title to land, mere occasional acts of cutting timber or wood on it are not considered as acts of ownership, but as acts of trespass only; but that where they are connected with other acts, like clearing and enclosing land, they may be considered as acts of ownership;—that where one does not live upon a lot, the most unequivocal acts of ownership are clearing and fencing the land, and that where one clears and encloses any portion of a lot, claiming title to the whole, such person is deemed to have a constructive possession of the whole;—that if they found that her possession was of that character, and was accompanied by a claim of title to the whole, and that neither her possession nor claim of title had been abandoned previous to her conveyance to defendant, then defendant would have a better title under his deed, than the plaintiff's possession, and the plaintiff could not recover.   Verdict for the defendant.   Exceptions by the plaintiff.

*J. A. Wing* for the plaintiff.

*J. A. Vail* and *W. P. Briggs* for the defendant.

The opinion of the court was delivered by

BENNETT, J.   The *locus in quo* is lot No. 35 in Goshen Gore. The plaintiff claimed title to the lot in question, under Silas J.

Holbrook, by virtue of a deed, bearing date in 1853. Holbrook had no legal title to it. But it does appear that in 1849 the plaintiff made an arrangement with Holbrook to go into possession of the fiv　acres of the lot which, through mistake, had been cut over by ⌐　⌐. and to clear them off and take the crops, and in the fall of 1c　¬d spring of 1850 the plaintiff cleared them off, built a fence around them and raised a crop of wheat on them in 1850, and stocked them down. In 1851 he mowed them, and repaired the fences in the spring of 1852 with an intention to mow them that season. But in July, the defendant cut and carried away the grass from the same. These facts, of course, give the plaintiff a right to recover, unless the defendant can stand against him upon a *prior possession*, or upon a legal title.

The case finds that the defendant's evidence did not tend to prove that Mrs. White or the defendant ever cut any timber or made any clearing on the five acres cleared and possessed by the plaintiff in the manner in which the case states, or had any enclosure of them, except by the slash fence around the whole lot. By this we understand that neither Mrs. White or the defendant, who claims under him, ever had any possession of the five acres in point of fact, but their possession of that portion of the lot was at most but a *constructive one*.

In the case of *Ralph* v. *Bayley*, 11 Vt. 521, it was held that a *prior constructive* possession can only be defeated by a subsequent *actual* adverse possession, and in the case of the *Executors of Stevens* v. *Hollister*, 18 Vt. 294, it was also held that the doctrine of constructive possession will not be extended to land in the actual adverse possession of a disseizor. The defendant then, to succeed against the plaintiff, must have something more than a *prior constructive possession*. No question can be raised, but what the plaintiff had the actual adverse possession of the five acres at the time the defendant cut and carried away the grass. As the case shows that there was no *prior actual adverse possession* in the defendant or Mrs. White, the defendant should have been put upon the proof of his title. But we do not understand from the case, that it was so put to the jury. Though the evidence may have tended to prove a title to the whole lot in the defendant by possession, and although the charge of the court may have

been sound, if the trespass had been upon any portion of the lot, to which the defendant had had a *prior actual adverse possession*, and the charge had applied to that, yet, as applied to the five acres, of which the defendant nor Mrs White ever had any *actual adverse possession*, we think it was not. The jury, under the charge of court, were justified in returning a verdict for the defendant, though they should have found that his possession had not ripened into a title to the whole lot at the time the plaintiff took the actual adverse possession of the five acres, and although the defendant nor Mrs. White ever had any actual adverse possession of that portion of the lot. In effect, a subsequent *actual adverse possession* was made to yield to a *prior constructive* possession, and in this, we think, there was error. It is quite possible the jury would have found that the defendant's or Mrs. White's adverse possession of the lot had ripened into a title before the plaintiff took the actual adverse possession of the five acres, but as this was not put to the jury to find, the judgment of the county court is reversed and the cause remanded to that court.