S. C. HASTINGS, Respondent, v. JOSEPH P. VAUGHN and PAUL SHIRLEY, Defendants, and THE MAYOR AND COMMON COUNCIL OF THE CITY OF BENICIA, Intervenors and Appellants.

An impression upon paper constitutes a good seal, and this may be made as well by a pen as by a stamp ; therefore, a scrawl, with the word seal written within it, or with the initials L. S., is sufficient.

Delivery of a conveyance is a question of fact to be determined by the jury, and depends more upon the intention of the parties, than upon the mode of fulfilling the intention.

The statute requires the seal of the officer taking the acknowledgment to be attached, as preliminary to fitting the deed for registration, and without conforming strictly to the statute, the registration will not be of such a character as to charge constructive notice.

Although a deed be defective in the acknowledgment, so as not to entitle it to registration, it is not void, but is still good as between the parties, and as to all the world, except subsequent purchasers without notice.

A deed defective in the acknowledgment, should not be rejected as evidence for that reason, but should be admitted, with instructions to the jury as to its effect in giving notice to third persons.

APPEAL from the District Court of the Seventh Judicial District, Solano County.

The plaintiff commenced an action against the defendants, Vaughn and Shirley, to recover the possession of a certain lot in the city of Benicia.

Shirley answered, disclaiming any interest or title in the property, and Vaughn answered by denying generally the allegations in the complaint.

The Mayor and Common Council of Benicia intervened and claimed title to the property in dispute, through a deed from Malinda Cooper and her children, who had become possessed of the land by a deed from Stephen Cooper. This deed was drawn in the usual form, and signed by Stephen Cooper, and opposite his name was written the word " seal."

The deed, which had been recorded, was acknowledged before the County Recorder of Solano County, but does not bear upon its face his official seal.

The Court refused to permit the original deed to be read to the jury in evidence, Defendants excepted. The jury found that there had been a sufficient delivery, and gave a verdict for the plaintiff.

The intervenors appealed.

*Lee & Leslie,* for Appellants.
No brief on file.

*John Currey,* for Respondent.

I.   A deed is not entitled to be recorded until it is duly acknowledged.  Comp. L., 517, §§ 24 and 25, and p. 839, § 4.

The certificate of acknowledgment must be under seal.   Comp. L., 513, §§ 4 and 5.

The certificate of acknowledgment, &c., may be rebutted.   Comp. L., 518, § 30.

By the production of the instrument itself, it appeared: First, That it was not a deed; second, That it was not entitled to be recorded, and consequently it failed to impart notice; and third, That as it failed to impart notice it was void as against the plaintiff, who was a purchaser in good faith for a valuable consideration.   Comp. L., 517, § 26.

The question of the due execution of a deed is open to free inquiry. Hopkins *v.* Leek, 12 Wend., 105.   Jackson *v.* Perkins, 2 Wend., 308. Powers *v.* Russell, 13 Pick., 69.

II.   The objection to the instrument in writing, as a deed from Stephen Cooper to his wife and children, was well taken.

A scroll is not a seal, nor is it equivalent to a seal.   Warren *v.* Lynch, 5 Johns., 244.

A deed is a writing sealed and delivered.   1 Blackstone's Com., b. 2d, ch. 20.   4 Kent's Com., 452, &c.

At Common Law, a seal is indispensable to convey an estate in fee simple, fee tail, or for life.   1 Black. Com., b. 2d, chap. 20.   Jackson *v.* Cook, 12 Johns., 75.

An impression upon some tenacious substance is necessary at Common Law to constitute a seal.   Coit *v.* Milliken, 1 Denio, 376, and cases cited.

An impression upon paper alone is not a seal, except where it has been made so by statute.   1 Denio, 376.   2 Hill, 227.   3 Hill, 493.

Our statute concerning Conveyances, requires that all conveyances of land, or of any estate or interest thereon, shall be by deed. Comp. Laws, 513, § 1.

The Common Law of England, in respect to this question, is our law. Comp. Laws, 186.

The law presumes in favor of the absolute verity of sealed instruments,—a seal imports a consideration, and the law precludes any inquiry, in a court of law, to impeach the consideration,—this is because of the deliberate nature and solemnity of the act creating such instrument. Dorr v. Munsell, 13 Johns., 430. Mead v. Sterger, 5 Porter, 505. Bush v. Stevens, 24 Wend., 256.

It is not necessary to allege, in declaring on a specialty, any consideration, for the seal imports a consideration. Bush v. Stevens, 24 Wend., 527.

III. The instrument in writing mentioned, was not delivered to the grantees therein named; nor to any one authorized by them to receive it; nor to a stranger, as an escrow.

A deed is a writing sealed and delivered. 1 Black. Com., b. 2d, p. 306–7.

Unless a deed be delivered, it is void, *ab initio*. Ibid. 1 Shep., Touchstone, 57, 58.

The consent of the grantee is requisite to a complete delivery. Powers v. Russell, 13 Pick., 75. Owings v. Grubb's Adm., 6 J. J. Marsh., 32. 1 Johns. Cases, 114; 12 Mass, 461; 20 Johns., 184; 15 Wend., 658; 6 Cow., 617.

The placing a deed on record by the grantor, is not a delivery of it. Barnes v. Hatch, 3 N. Hamp, 304. 10 Mass., 458. 1 Stewart and Porter, 61.

If the question of delivery is in doubt, presumptions in favor thereof should be rejected, when the interests of creditors and purchasers in good faith are to be affected by such presumptions. Jackson v. Phipps, 12 Johns., 418. 4 Viner's Ab., 27, 552. 4 Kent, 453–4.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., and BRYAN, J., concurred.

The only question necessary to be examined, is the exclusion from

the jury of the deed made by Cooper to his wife and children; the Court deciding that the deed was void, because, first, it was not executed with a seal by the grantor; second, that the record did not impart notice, for the want of the seal of the officer before whom it was acknowledged.

To these objections to the deed, the respondent adds, that the deed was not delivered.

In Connolly v. Goodwin & Co., July Term, 1855, we decided that an impression upon paper constituted a good seal. We see no good reason why such impression should not be made with a pen, as well as with what is technically a stamp. The object is to give character to the instrument, and enable it to be distinguished and recognized for that which it was intended to be. This is as well effected by a scrawl, with the word seal written within it, or with the initials L. S., a common mode resorted to in copying sealed instruments. The authorities cited to the contrary, we look upon as founded upon too purely technical reasons, and are unsound expositions of the common law.

In regard to the question of delivery, the authorities are conflicting. In Maynard v. Maynard, 10 Mass., the execution and delivery for the purpose of registration, is held not to be a delivery.

In Barns v. Hatch, 3 N. H., the same act was held to be no delivery, where it was coupled with the declaration that it was made to prevent the land from being taken to pay an unjust debt. The correct doctrine, we think, is laid down in Doe on the demise of Gamons v. Knight, 5 Barn. and Cres., 673. There, it was left to the jury to decide as to the intention of the grantor. Many authorities are cited, and much good reasoning brought out, in support of the position that a deed will be operative although never parted with by the person who executed it. In other words, that delivery depends more upon intention, than upon the mode of fulfilling the intention. That delivery is a question of fact, to be determined by the jury, is, we think, undeniable, and has been so held, not only in the case above cited, but also in Lindsay v. Lindsay, 11 Verm., 521; Vanhook v. Barnett, 4 Dev., 268; Hannah v. Swainer, 8 Watts, 9; and many others.

The remaining question, is as to the want of the seal of the officer taking the acknowledgment. The statute requires it, as a preliminary

to the fitness of the deed for registration, and without conforming strictly to the statute, the registration will not have character to change constructive notice. But although it may not have been entitled to registration, this does not make the deed void. It is still good as between the parties, and as to all the world, except subsequent purchasers without notice. It should have been allowed in evidence, with instructions to the jury as to its effect in giving notice to third persons. If this was the only reason given for rejecting the deed, it would be unnecessary to reverse the judgment; but as it was also held to be void for want of a seal, it was useless for the defendants to attempt to prove that the plaintiff had actual notice of the deed, which possibly they may be able to do.

For this reason, the judgment is reversed, and the cause remanded.