## Hyatt *versus* Johnston.

Since the scintilla doctrine has been exploded, both in England and in this
country, the preliminary question of law for the court is, not whether there
is literally no evidence, or a mere scintilla, but whether there is any that
ought reasonably to satisfy the jury that the fact sought to be proved is es-
tablished.   If there is evidence from which the jury can properly find the
question for the party on whom the burden of proof rests, it should be sub-
mitted ; if not, it should be withdrawn from the jury.

October 7th 1879.   Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny
county*: Of October and November Term 1879, No. 211.

Assumpsit by Thaddeus Hyatt, on a book-account and accepted
draft, against Ross Johnston, impleaded with E. K. Chamberlin
and S. Crawford.

At the trial it appeared that Thaddeus Hyatt, who carried on
business in the city of New York through an agent, Theodore
Hyatt, sold and delivered, in the fall of 1872 and up to January
11th 1873, a bill of merchandise amounting to some $4000, to the
firm of Crawford, Chamberlin & Co., of Chicago, of which Ross
Johnston, the defendant, was then a member.   On or about Feb-
ruary 18th 1873, Crawford, Chamberlin & Co., who had already
made some small payments on account, remitted to Hyatt $1000

[Hyatt v. Johnston.]

in cash and two drafts, both dated February 18th 1873, and drawn on and accepted by themselves, for the balance. Hyatt received this remittance, and credited it on their account on February 21st, after charging them with the interest or discount on the drafts. One of these drafts, for some $1400, was not paid at maturity, and was thereupon duly protested. Subsequently Hyatt brought this suit, declaring both upon the draft and the book-account.

About the time these drafts were accepted and remitted, Johnston withdrew from the firm of Crawford, Chamberlin & Co., and his former partners, Crawford and Chamberlin, having taken in a new partner, continued the business under the same firm name. Johnston, who alone was served, pleaded payment, &c., claiming that the draft in suit was the acceptance of this new firm, and that the plaintiff received it as absolute payment. At the trial of the cause, Theodore Hyatt testified that they received the draft as the acceptance of their debtors, the old firm; and, although admitting that he was aware of the withdrawal of Johnston, denied having any intention of discharging him from his liability as a member of the old firm, or of receiving an acceptance of the new firm as absolute payment.

The only evidence offered by the defendant in support of his plea of payment, were four letters, three of them dated respectively, March 1st, March 22d and April 1st 1873, from the plaintiff to Crawford, Chamberlin & Co., and the fourth dated March 26th 1873, from this firm to the plaintiff, in reply to his letter of March 22d, and another of March 18th, not in evidence.

The plaintiff objected to the admission of three of these letters, viz.: those of March 1st, March 22d and April 1st, contending that they referred to a different and subsequent transaction, and were wholly irrelevant. Their admission was the ground of the first and second specifications of error.

The fourth letter, dated March 26th 1873, from the firm to the plaintiff, was admitted without objection. The material portions of these letters were as follows:

"New York, March 1st 1873.

Messrs. CRAWFORD, CHAMBERLIN & CO.,

Gentlemen: Enclosed please find statement of account to date, for amount of which you will do me the favor to send check or draft, as you may elect, on the terms agreed upon by us. * * *

THADDEUS HYATT, per THEODORE HYATT."

"New York, March 22d 1873.

Messrs. CRAWFORD, CHAMBERLIN & CO.,

Gentlemen: * * * On the 18th inst., I mailed to you for acceptance and the *endorsement* of your Mr. Charles B. Brown, a sixty-day draft for amount due me, as per statement of 1st inst.,

[Hyatt *v.* Johnston.]

which you will please have properly executed and returned by earliest mail, as I wish to use it at once.

THADDEUS HYATT, per THEODORE HYATT."

"Chicago, March 26th 1873.

T. HYATT, Esq., New York City,

Dear Sir: Your favors of the 18th and 22d insts., arrived in due time. We have not returned you the draft sent for endorsement, because of the dissolution of this firm, which took place on the 23d inst., the copartnership having expired by limitation on that day.

Both Mr. Brown and Mr. Johnston, who comprise the Co., being wealthy men, insure to all creditors payment of paper at maturity, as well as guaranteeing the entire indebtedness of the concern. Neither of the above-named gentlemen desire to continue the business, and we are consequently taking steps toward closing it up.

We have on hand at this time quite a stock of your goods, * * * which we would be pleased to either return to you (at our expense for freight charges), also turn them over to the Younglove Company, or whoever you choose as your representatives in this city. The business is without doubt an exceedingly profitable one, and will well repay any persons who work it. This copartnership is not continued longer, simply because both our Messrs. Brown and Johnston have so much larger interests in other directions. * * *

CRAWFORD, CHAMBERLIN & Co."

"New York, April 1st 1873.

Messrs. CRAWFORD, CHAMBERLIN & Co.,

Gentlemen: Your favor of 26th inst. is at hand, and I regret not receiving the draft accepted by you, as requested in my last.

Enclosed you will please find statement of account to date, for amount of which I would like either check or sixty-day draft.

In regard to the stock on hand that you refer to, I have to say that it was all settled for in your acceptances I now hold, and you are at liberty to dispose of it as you think best. * * *

You will do me the favor to inform me by early mail *how* and *when* my account will be settled.

THADDEUS HYATT, per THEODORE HYATT."

The plaintiff submitted, inter alia, the following points, to which are appended the answers of the court, Collier, J.:

2. That the burden of proving that the plaintiff took an acceptance of the new firm as absolute payment is on the defendant; and that the defendant has given no evidence from which the jury would be warranted in finding that the plaintiff agreed to take the said acceptance as absolute payment.

Ans. "Refused."

3. If the second prayer is refused, then the court is requested:

[Hyatt v. Johnston.]

to charge that, even if the acceptance was made by the new firm, and the plaintiff knew that fact, yet, if the plaintiff took it on account of a pre-existing debt, and did not agree to take it in absolute payment, the presumption of law is that the plaintiff took the draft only as conditional payment [and, as the said acceptance has been dishonored and remains unpaid, the plaintiff is entitled to recover].

Ans. "Affirmed, except the part in brackets, which is refused."

Verdict for defendant, and after judgment plaintiff took this writ, alleging that the court erred in admitting the above letters, and in the answers to the foregoing points.

*John B. Herron, Jr.*, and *George Shiras, Jr.*, for plaintiff in error.—The merchandise, for a balance of the price of which this suit was brought, was sold and delivered to Crawford, Chamberlin & Co., prior and up to January 11th 1873; and the draft in suit, dated February 18th 1873, was received by the plaintiff, credited on their account, and the account closed, on February 21st 1873.

The court erred in admitting the letters of March 1st, 22d, and April 1st. The two former relate to a transaction wholly independent of and subsequent to the one in suit, and were clearly irrelevant. The drawers of the draft in suit, or the intention of the parties thereto, are in no way disclosed by these letters. While the letter of April 1st does contain an allusion to the acceptances of February 18th, this letter, taken in connection with that of March 26th, to which it is a reply, was no evidence that these acceptances were those of the new firm, or that the plaintiff had received them in absolute payment. In his use of the word "settled," Hyatt simply meant that the goods had been included in an account stated, which had been agreed to, and closed in the manner indicated: Houser *v.* Irvine, 3 W. & S. 345; Bevan *v.* Cullen, 7 Barr 281; Scott *v.* Strawn, 4 Norris 471; Parsons on Part. 284; Collyer on Part., 4th Am. ed., sect. 373, note 1; Lindley on Part., 646.

*H. & G. C. Burgwin*, for defendant in error.—The plaintiff admitted that he knew at the time of the dissolution of the original firm, by the withdrawal of Johnston and entry of Brown, and that the new firm assumed all the liabilities of the old. The old firm name was adopted by the new, and on February 18th 1873 the draft was accepted by Crawford, Chamberlin & Co. But plaintiff, on the trial, raised the question as to whether this acceptance was not by the old firm in liquidation. To remove all doubt on this point, we introduced the plaintiff's letters of March 1st, March 22d and April 1st, addressed to Crawford, Chamberlin & Co., showing that business accounts were carried on between them at that time; that consequently these letters were addressed to the

[Hyatt *v.* Johnston.]

new firm, and that when in that of April 1st, plaintiff wrote to Crawford, Chamberlin & Co. that the stock to which they referred in theirs of 26th March, "was all settled for in *your* acceptances I now hold," one of which was that in suit, he showed beyond all controversy that it was the acceptance of his then correspondents, viz.: the new firm, and not that of the old firm in liquidation.

Mr. Justice STERRETT delivered the opinion of the court, October 20th 1879.

While it was conceded by the defendant that the first firm of Crawford, Chamberlin & Co., of which he was a member, was indebted to plaintiff for merchandise, in a larger sum than that claimed in this suit, it was contended that acceptances of the second firm were taken by the plaintiff, in absolute payment of that indebtedness, and the defendant was thus released therefrom. The plaintiff, therefore, had a clear prima facie case, and the burden was on the defendant of proving that the draft in suit was the acceptance of the second firm, and that it was received by the plaintiff in absolute payment of the original debt.

For the purpose of proving these facts, the letters referred to in the bills of exception, were offered and admitted. The plaintiff insisted that they were insufficient, and requested the court to instruct the jury, "That the burden of proving that the plaintiff took an acceptance of the new firm, as absolute payment, is on the defendant, and that the defendant has given no evidence from which the jury would be warranted in finding that the plaintiff agreed to take the said acceptance in absolute payment." This was a controlling point in the case, and the refusal of the learned judge to charge as therein requested is assigned for error.

An examination of the testimony bearing on this proposition, leads us to the conclusion that it should have been affirmed. Viewing the testimony in its most favorable light, there was no evidence from which the jury was justified in finding that plaintiff agreed to take the acceptance as absolute payment and thus release defendant from an acknowledged liability. When it is claimed that a creditor has agreed to accept the note or obligation of another, and in consideration thereof release his debtor, the proof of such novation should be at least clear and satisfactory. In this case it can scarcely be said that there was even a scintilla of evidence to show that the acceptance was taken in absolute payment. Since the scintilla doctrine has been exploded, both in England and in this country, the preliminary question of law for the court is, not whether there is literally no evidence, or a mere scintilla, but whether there is any that ought reasonably to satisfy the jury that the fact sought to be proved is established. If there is evidence from which the jury can properly find the question for the party on whom the burden of proof rests, it should be submitted; if not,

[Hyatt v. Johnston.]

it should be withdrawn from the jury : Ryder v. Wombwell, Law Rep., 4 Exch. 39.

The letter of April 1st 1873, was offered for the purpose of showing " the kind of transactions carried on between the plaintiff and the" second firm, and also, to show that the goods, purchased by the first firm, were paid by the acceptances, one of which is the draft in suit. Standing alone, as it did when offered to the court, the letter would appear to be relevant, and perhaps material, but when read in connection with that of March 26th 1873, to which it is a reply, it contains nothing to justify the inference sought to be drawn from it. In the last-mentioned letter, Crawford, Chamberlin & Co., after referring to the dissolution of the firm, say : " Both Mr. Brown and Mr. Johnston, who compose the Co., being wealthy men, insure to all creditors the payment of paper at maturity, as well as guaranteeing the entire indebtedness of the concern." There is not the slightest intimation here that defendant was released ; on the contrary, his continued liability is distinctly recognised. They then refer to the stock purchased from plaintiff, out of which the indebtedness to him arose, and propose to return a portion of it. It was in reply to this proposition that plaintiff wrote, " it was all settled for in your acceptances I now hold." Even if this could be regarded as an admission that the acceptances were those of the second firm, it surely cannot be construed to mean that they were taken in absolute payment. The language of the letter, especially when considered in connection with the one to which it is a reply, does not justify such an inference.

The letters of March 1st and 22d 1873, offered to show, among other things, that plaintiff was negotiating with the second firm for the closing of the old account, knowing that defendant was not a member of that firm, &c., were wholly irrelevant for that purpose. It is quite clear that neither of these letters refers to the old account on which plaintiff's claim is based, nor to the acceptances by which that account was balanced on his books. They evidently relate to subsequent transactions having no connection with plaintiff's claim against the first firm.

If there was an agreement to take the second firm for the debt of the first, and release defendant from all liability, it was somewhat singular that none of the parties were called to prove the fact. The plaintiff's testimony was distinct and positive that no such transaction occurred, and there is nothing in the correspondence, given in evidence, to contradict him. He says he drew on the first firm, by whom the debt was contracted, for a sum sufficient to cover their indebtedness, and when he received their acceptances he credited them and thus balanced the account. There is nothing in the testimony, when properly considered, that is inconsistent with the continued liability of the defendant.

Judgment reversed and a *venire facias de novo* awarded.