# Lewis et al. *v.* Merryman et al., Appellants.

*Deeds—Delivery—Intention — Evidence — Presumption — Oral evidence for jury.*

1. Delivery of a deed is a matter of intention to pass title. It may be accomplished by words alone, by acts, or by words and acts. To be sufficient in law it must be found grantor has parted with title.

2. When delivery is disputed it is generally a question for the jury, and particularly is this true where delivery is solely a matter of oral proof.

3. A delivery is complete when a deed is acknowledged before a proper officer as being signed, sealed and delivered, without an act, expression or writing indicating an intention to qualify this formal act.

4. Retention of the deed by the grantor will generally negative this idea, but a delivery to a third person for the grantee's use, or, after execution and acknowledgment, the grantor's parting with all control over the deed, is a good delivery.

5. Signing, attestation, acknowledgment and recording are prima facie evidence of delivery, and the declarations of the grantor in some instances cannot overcome this presumption; but the presumption arising from recording is not irrebuttable.

6. Where grantors execute and acknowledge a deed and deliver it to a third person without restriction or limitation save only an obligation to secure to the grantors the full enjoyment of the property during life, and the grantee agrees to such arrangement, and the person to whom the deed was delivered records it, the delivery is good, and the grantee is entitled to hold the land after the grantors' death as against their devisees.

7. In such case the strongest evidence of the delivery was the fact of recording, and the burden of overcoming the presumption resulting therefrom was on the devisees of the grantor.

Argued April 19, 1921. Appeal, No. 179, Jan. T., 1921, by defendants, from order of C. P. Centre Co., May T., 1915, No. 187, entering judgment for plaintiffs n. o. v., in case of George Lewis et al. v. Mollie Merryman, devisee, and J. T. Merryman, Executor of Benjamin Crain, deceased. Before MOSCHZISKER, C. J., WALL-

ING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Ejectment.   Before JOHNSON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for defendants.   Subsequently the court entered judgment for plaintiffs n. o. v.   Defendants appealed.

*Error assigned,* among others, was judgment, quoting it.

*N. B. Spängler,* of *Spangler & Walker,* for appellants. —The recording of a deed, even though done by the grantor, is not an absolute delivery, but only evidence of it, of which a jury may judge: Chess v. Chess, 1 P. & W. 32; Blight v. Schenck, 10 Pa. 285; Donnel v. Bellas, 10 Pa. 341; Donnel v. Bellas, 11 Pa. 341.

Where the grantor retains possession of the deed during his lifetime, and grantee thereafter obtains possession and has same recorded, the deed will not operate to pass title: Clauer v. Clauer, 22 Pa. Superior Ct. 395; Kanawell v. Miller, 262 Pa. 9.

Delivery of a deed may be inferred from circumstances and it is not necessary to prove actual manual investiture.

The general rule is that, an instrument in any form, whether a deed poll or indenture, if the obvious purpose is not to take place till after the death of the person making it, shall operate as a will: Frew v. Clarke, 80 Pa. 170; Tozer v. Jackson, 164 Pa. 378; Harrison's Est., 196 Pa. 576.

*Richard H. Gilbert,* for appellees.—There was good delivery: Cummings v. Glass, 162 Pa. 241; Eckman v. Eckman, 55 Pa. 269; 68 Pa. 464; Blight v. Schenck, 10 Pa. 285.

An instrument for the conveyance of land, absolute in form, which reserves no power of revocation, is not rendered testamentary by a reservation to the grantor of the rents and profits during the life of the grantor: Knowlson v. Fleming, 165 Pa. 10.

The presumption of law is that the deed in this case was delivered, and the burden of proof, that the deed was not delivered, is upon appellants to overcome this presumption by clear and satisfactory evidence: Kanawell v. Miller, 262 Pa. 9; Blight v. Schenck, 10 Pa. 285; Ingles v. Ingles, 150 Pa. 397; Eckman v. Eckman, 55 Pa. 269.

OPINION BY MR. JUSTICE KEPHART, July 1, 1921:

Defendants' entire case turns on the sufficiency of the evidence to overcome the presumption of delivery attaching to a recorded deed. It is admitted a deed, absolute on its face, without reservation or restriction, was executed, acknowledged and recorded in Centre County eighteen years ago. Plaintiffs' decedent was grantee therein, while defendants claimed through the will of grantor. Delivery is a matter of intention to pass title. It may be accomplished by words alone, by acts or by words and acts. To be sufficient in law it must be found grantor has parted with the title: Smith v. Markland, 223 Pa. 605, 612. When delivery is disputed it is generally a question for the jury (Galbraith v. Zimmerman, 100 Pa. 374) ; particularly is this true where delivery is solely a matter of oral proof. A delivery is complete, however, when a deed is acknowledged before a proper officer as being signed, sealed and delivered without an act, expression or writing indicating an intention to qualify this formal act: Blight v. Schenck, 10 Pa. 285. Retention of the deed by the grantor will generally negative this idea, but a delivery to a third person for the grantee's use, or, after execution and acknowledgment, the grantor's parting with all control over the deed, is a good delivery: Cummings v. Glass, 162 Pa.

241; Eckman v. Eckman, 55 Pa. 269; Blight v. Schenck, supra; Stephens v. Huss, 54 Pa. 20; Eckman v. Eckman, 68 Pa. 460, 464. But a delivery does not take place where the deed is delivered to a third party who is attorney for both parties, without an express understanding that it was to be handed to the grantee: Sears v. Scranton Trust Co., 228 Pa. 126, 141.

Certain acts with respect to delivery assume a higher evidentiary value because the security of estates so require it; thus, it has been held that signing, attestation, acknowledgment and recording are prima facie evidence of delivery (Rigler v. Cloud, 14 Pa. 361, 364; Ingles v. Ingles, 150 Pa. 397, 401), and the declarations of the grantor in some instances cannot overcome this presumption: Kern v. Howell, 180 Pa. 315, 321; Dickey v. Norris, 216 Pa. 184, 186. But the prima facie case, or the presumption arising from recording, is not irrebuttable: Kanawell v. Miller, 262 Pa. 9, 14; Smith v. Markland, 223 Pa. 605; Clauer v. Clauer, 22 Pa. Superior Ct. 395.

To overcome the presumption and the burden thus imposed, appellant depends on the testimony of Mr. Wilt, a trustee of Rockview Home, Huntingdon County, who, while on a journey in search of funds for this institution, called on the Crains, the grantors. In discussing a proposed gift to that institution, as the men were advanced in years, he suggested the advisability of taking steps looking toward the ultimate disposition of the farm on their death. He was informed it was their wish to give the property to a niece, Mrs. Lewis. A deed was suggested as the proper plan to carry out their wish, subject to their right to use and occupy the land in any way they saw fit until their death. This plan was agreed upon and the matter was left in Wilt's hands for attention, and, because of the gift to the institution, all charges were to be at his expense. The deed was prepared, executed, acknowledged and witnessed, wherein Mrs. Lewis was named as grantee. It was turned over to Mr. Wilt, who informed Mrs. Lewis of the proposed

plan.  She readily consented to the execution of an agree-
ment Mr. Wilt considered necessary as a "safeguard,"
"sort of a protection so she could not interfere with them
during her lifetime, notwithstanding the fact that the
deed was made."  And the agreement was "to cover any
possibilities that might arise afterwards because the
deed was on record."  When the deed was delivered to
Mr. Wilt, it was without restriction or limitation, save
only the obligation to secure to the Crains the full enjoy-
ment of the property during life.  It must be a necessary
inference, from this evidence, the deed could be delivered,
when this duty was met, and here it differs from Sears
v. Scranton Trust Co., supra.  After the deed was exe-
cuted and placed of record, the grantors informed the
assessor,—who made assessments for the purpose of tax-
ation,—they had nothing to assess, as Mrs. Lewis owned
the land.

If the deed was not to be delivered until after death,
thus making it a testamentary disposition, there was no
necessity for the agreement.  When the latter was secured
there was an admission that the grantee had a then pres-
ent interest in the land.  No effort was made to conceal
the fact of recording, which could have been discovered
at any time, and, so far as we are advised by the record,
the grantors never questioned it nor the deed, the latter
never having been returned to their possession.  It is
true Mr. Wilt, in the course of his testimony, makes use
of such language as "after their demise, or their death,"
"the deed was not to go into effect until after the death
of the Crains," and "the deed was so made as not to
convey it over to them during their lifetime."  This lat-
ter statement of course is in direct conflict with the deed,
and all of them, considered with his entire testimony and
the acts done, are not sufficient to rebut the presumption
of delivery.  His story, throughout, evidences an inten-
tion on the part of the grantors to execute and deliver
the deed, provided possession and use of the property
was secured to them during life.  His statements, at best,

show a confusion of ideas, if they are not in entire harmony with what transpired when he secured to the Crains the property during the remainder of their lives. To reform a deed absolute on its face,—attended with all the formalities of law, duly recorded, handed to a third party without restriction or reservation, save as to the one purpose mentioned,—and hold it a testamentary instrument, requires evidence more certain than the loose statements here submitted. The reservation of rents, use and occupation would not be sufficient (Knowlson v. Fleming, 165 Pa. 10; Eckman v. Eckman, supra), and the intention must be established by proof of acts of the grantor. The strongest evidence of delivery was the fact of recording, and the burden of overcoming the presumption resulting therefrom was on defendants, who, to destroy it, must do so by clear, positive proof that no delivery was intended, and that Mr. Wilt was not authorized to record the instrument. The evidence before us certainly did not meet that burden.

The judgment of the court below is affirmed.