# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Cragin's Estate.

*Deed—Delivery—Acknowledgment—Statement written on envelope as to recording—Possession—Evidence—Presumption—Burden of proof—Husband and wife—Conditional delivery—Conscience of chancellor.*

1. Generally speaking the delivery of a deed is complete when it is acknowledged before a proper officer as being signed, sealed and delivered without an act, expression or writing indicating an intention to qualify this formal act.

2. Where a deed has been acknowledged and the grantee has manual possession thereof, there is a presumption of delivery, but this may be rebutted.

3. The presumption, however, stands against the grantor, and the burden is on him to destroy it by clear and positive proof that there was no delivery and that it was so understood at the time.

4. Where such a deed, absolute and complete in itself, is attacked as having been intended to take effect after the death of the grantee, there is a further presumption that the title is in conformity with the deed, and it should not be dislodged except by clear, precise, convincing and satisfactory evidence to the contrary that will satisfy the mind and conscience of a chancellor.

5. The rule should not be relaxed in case of a deed executed and acknowledged by a wife to her husband, where the husband remains in manual possession of the instrument until his death; and this is the case although the husband wrote on the envelope containing the deed words to the effect that the deed was to be recorded upon his wife's death, if she died before him.

6. In such case the presumption of delivery is strengthened, where it appears that the deed remained in the possession of the

husband for twenty years, and that three years before his death he made a will in which he specifically dealt with and directed a sale of the property included in the deed.

7. The facts that the husband conveyed the land to his stenographer, who in turn conveyed it to the wife, both deeds being recorded, and the wife made a deed to the stenographer who in turn made a deed to the husband, both of which deeds being held by the husband unrecorded until his death, are not sufficient to set aside the presumption of delivery, although the husband declared in his lifetime that he had made all his property over to his wife, so that everything should be hers if he died first.

8. The husband's declarations that he had made all his property over to his wife might well refer to his testamentary disposition, which was a life estate with power to consume.

9. The case was wholly lacking in evidence as to the intention of the grantor to make a conditional delivery of the deed.

10. Under all the facts in this case a conditional delivery was not established.

Argued January 20, 1922. Appeal, No. 211, Jan. T., 1922, by H. Frances Cragin, from decree of O. C. Phila. Co., Oct. T., 1918, No. 76, dismissing exceptions to adjudication, in estate of Charles I. Cragin. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of THOMPSON, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed in opinion by GEST, J.
H. Frances Cragin, widow, appealed.

*Error assigned,* among others, was decree, quoting it.

*G. W. Pepper,* with him *Dimner Beeber,* for appellant. —The intention of the parties was that the deed should not be used if Mrs. Cragin survived her husband.

The deed from Mrs. Cragin to her husband never was delivered. Delivery is determined by the intention of the parties, which here was that the deed should operate only if he survived her: Ellis v. Clark, 39 Florida 714;

Bruner v. Hart, 59 Florida 171; Kanawell v. Miller, 262 Pa. 9; Gaylord v. Gaylord, 150 N. C. 222; Rountree v. Smith, 152 Ill. 493; Wilson v. Wilson, 158 Ill. 567; Elliott v. Murray, 225 Ill. 107; Ackman v. Potter, 239 Ill. 578; Kenney v. Parks, 137 Cal. 527.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellee.—The property being in Florida, the question of title to the real estate must necessarily be determined by the laws of that state: Paul's Est., 26 Pa. Dist. R. 1011.

Delivery of the deeds passed title to the grantee as between the parties.

A delivery is complete when a deed is acknowledged before a proper officer as being signed, sealed and delivered without an act, expression or writing indicating an intention to qualify this formal act: Blight v. Schenck, 10 Pa. 285; Lewis v. Merryman, 271 Pa. 255.

OPINION BY MR. JUSTICE KEPHART, February 20, 1922:

Charles I. Cragin, with his wife, H. Frances, on November 9, 1892, conveyed real estate in Palm Beach to Miss Adams, a stenographer. The next day Miss Adams conveyed the same property to Mrs. Cragin; these deeds were duly recorded. November 11th, Cragin and wife reconveyed the premises to Miss Adams, who, on the following day, November 12th, reconveyed the premises to Charles I. Cragin. The last two deeds were not recorded before the husband's death, December 15, 1915, and for more than twenty-three years were kept in an envelope in his tin box; on this envelope he wrote these words, "To be recorded upon Mrs. Cragin's death, if before me." Cragin, in his will of July 15, 1913, appointed the Girard Trust Company and Mrs. Cragin trustees. By its terms the residuary estate was given to his trustees in trust, to pay the income thereof to his wife for life, free and clear of all debts, attachments, etc., and, in case she shall find the income insufficient to provide for her comfortable and sufficient maintenance, to

pay to her so much of the principal as she shall in writing demand. "I have......entire confidence that she will make no such demand as will not be deemed by her just, and the trustees shall be entirely justified in acceding to such demand, and, to such extent, in diminishing the principal of the residuary estate. All provisions herein made are subject to the exercise of this power." A limitation over, after her death, was provided for.

In ascertaining decedent's property, Mrs. Cragin claimed the real estate in Palm Beach was her individual property,—not a part of her husband's estate,— as the title thereto had not passed from her, the last deeds never having been delivered. The Girard Trust Company, trustee, later, on November 24, 1916, recorded them in Dade County, Florida, without the consent and against the protest of the widow. The property was subsequently sold for $100,000; under agreement the proceeds of sale took the place of the land, and whatever claim Mrs. Cragin had to the land or the money was to be determined by the court at the audit of the trustees' account.

The auditing judge found against the widow on the adjudication of that account; this was sustained by the court in banc, and the question is here now, on the widow's appeal. She urges there is sufficient evidence to show the deed to her husband (Miss Adams being a mere title-bearer, with no interest) was delivered upon condition it would not become operative unless she predeceased her husband, and, not having done so, the title remained in her.

A deed does not become operative until delivered with the intent that it shall become effective as a conveyance. Delivery is a matter of intent to pass title. It may be accomplished by words alone, by acts, or by words and acts. But there must be something answering to one or the other of these conditions, evidencing an intent to give it effect as a deed. It is sufficient in law to find the grantor has parted with the title: Lewis v. Merry-

man, 271 Pa. 255, 257. Generally speaking, a delivery
is complete when a deed is acknowledged before a proper
officer as being signed, sealed and delivered without an
act, expression or writing indicating an intention to
qualify this formal act: Blight v. Schenck, 10 Pa. 285,
290; Lewis v. Merryman, supra. But this acknowledg-
ment, with the physical possession of the deed in the
grantee, does not conclusively establish an intention
to deliver; the prima facie case,—or the presumption
arising from recording, or signing, sealing and ac-
knowledging a deed is delivered, accompanied by manual
possession by the grantee,—is not irrebuttable: Kana-
well v. Miller, 262 Pa. 9, 14; Smith v. Markland, 223 Pa.
605, 629; Clauer v. Clauer, 22 Pa. Superior Ct. 395, 399;
Lewis v. Merryman, supra. Such presumption can be
overcome by evidence that no delivery was in fact in-
tended, and none made.

The general principle of law is that the formal act of
signing, sealing and delivering is the consummation of
the deed, and it lies with the grantor to prove clearly
that appearances are not consistent with truth. The
presumption stands against him, and the burden is on
him to destroy it by clear and positive proof that there
was no delivery and that it was so understood at the
time: Earnest's Appeal, 106 Pa. 310, 318. Where we
have, as here, a deed, absolute and complete in itself, at-
tacked as being in fact otherwise intended (to take
effect after death), there is a further presumption that
the title is in conformity with the deed, and it should not
be dislodged except by clear, precise, convincing and
satisfactory evidence to the contrary. It is not enough
that it may satisfy a jury, if the question were to be
submitted to it, but it must also satisfy the mind and con-
science of the court as a chancellor, sitting and reviewing
the testimony. If the evidence fails to satisfy in this
respect, the instrument should be unhesitatingly up-
held.

Title to land ought not to be exposed to the peril of successful attack except where the right is clear and undoubted. And, while the relation of husband and wife may fairly give rise to a course of dealing different from that between strangers, because of love and affection and a natural desire to see the wife specially provided for after death, we must not indulge our wish to recognize these dealings to such an extent as to overthrow principles of law governing conveyances of real estate as they relate generally to all persons, whether married or single, conveying or selling land. While the rule might be modified as to married persons so as to obtain a certain flexibility of dealing between them, wherein a deed is not a deed or a will is not a will, yet, by so doing, we break down barriers that have for many generations obtained for the protection and security of titles, and, when once an inroad is made in favor of married persons, we will not know where to draw the line. There is no good reason why the same rule should not extend to parent and child, brother and sister and all manner of relationships, for the same reason. It is not an extraordinary thing to see some of the bitterset contests over estates between members of these relationships; it is much more conducive to the security of the home, as well as the conveyance of real estate, to keep in the path well marked by judicial decision and so long found to be necessary in this important branch of the law.

Viewing the matter in this light, the law has fixed an evidentiary value on certain acts that speak stronger than loose declarations of one of the parties or indirect statements written on envelopes as indicative of the writer's wishes or directions. It is essential to the delivery that control of the deed should pass from the grantor, accompanied by some circumstances expressing delivery. There are many recorded cases as to how this may be done. But among the acts, which, of themselves, give rise to a strong presumption of delivery, having as a foundation an executed contract between the parties, is

the one that arises from an acknowledgment before a proper officer that the instrument was signed, sealed and delivered, with the deed in the possession of the grantee, or signing, attestation, acknowledgment and recording. These acts assume such weight in law as to give rise to the rule governing the character of evidence necessary to dislodge the inference therefrom. To this the contrary evidence must be presented effectively: Rigler v. Cloud, 14 Pa. 361, 364; Ingles v. Ingles, 150 Pa. 397, 401; Kern v. Howell, 180 Pa. 315, 321; Dickey v. Norris, 216 Pa. 184, 186.

The appellee plants its cause on an absolute deed, regular in form, duly acknowledged as having been signed, sealed and delivered, in the possession of the grantee, where it has been for a period of twenty years; within three years of his death he made a will which specifically dealt with this property. It is urged these conditions present a record of insurmountable facts, unscathed by any or all of appellant's evidence to the contrary, clearly evidencing grantor's intention to deliver.

The claimant, conceding the strength of this position, asserts a conditional delivery appears from the general idea surrounding the entire matter, that the parties certainly had something in view beyond the mere executing of an assortment of deeds; and this was to place the property in a position where, at the death of either, the survivor could hold the real estate as his or her own. There is no evidence, however, concerning this general thought or arrangement, save the mere existence of the deeds. There is not an expression from anyone present when the deeds were executed and delivered that such was the intention. Nothing from the grantor, through others, about the time of execution, as to what was done or why, and the declarations of the grantee to Mr. Wanner, made later, contain nothing bearing on this situation. Appellant can scarcely expect us to hold the above facts to be of sufficient weight to sweep aside the con-

trary evidence of intention; they are the strongest circumstances in appellant's favor.

Wanner's concurrent testimony may be characterized as testimony of the grantee's loose declarations. But the intention which must control is the grantor's intention. Whatever the grantee may have thought about the matter, or whatever his idea might have been in connection with the instrument, would not be conclusive where adverse interests have intervened. Suppose for a moment we were dealing with execution creditors who were trying to hold the real estate as the husband's, and all we had as to the wife's claim is such evidence as appears on this record. In the cases cited from Illinois, North Carolina and California, there was evidence of what the grantor intended, not what the grantee said. In the strongest case (Elliott v. Murray, 225 Ill. 107), what took place in connection with the double transfer was in the presence of both parties, and the evidence was directed to this point, showing a thorough undertaking.

What was the grantor's purpose expressly declared, or what was the general understanding when the deeds were executed and delivered? Intention is always a fact, but evidence of it may be in writing of such fixed and immutable character as to make it difficult to overcome. In an effort to overcome it, Wanner testifies as to what the grantee said with reference to the deed after it was delivered to him. The substance of his evidence,—to which we must apply the rule, clear, precise, convincing and satisfactory, to defeat the presumption,—is as follows: "Q. Did you ever have a talk with Mr. Cragin about his retaining the deeds? A. I never had any talk with him, but I heard him on a number of occasions speak about it; in fact, at the time I helped to make out the deeds, I do not know how many I made out, I wrote out a number, but I did not know at that time what they were for exactly. After that Mr. Cragin mentioned a number of times in the office to some of his friends that he had fixed it for Mrs. Cragin. Q. What did he say?

A. That he had made all the property over to her, if he should happen to die first everything would be hers, if she would die first then he would have it, and these deeds were drawn up that were to be recorded in case Mrs. Cragin died first.  Q. That is, to be recorded if Mrs. Cragin died first, and if he died first, what did he say? A. If he died first everything would be hers as he wanted it, without any further legal writing.  Q. Did you have any part in any of the deeds as to the real estate?  A. Yes, I wrote them."

It will not require extended discussion to show how much these words fail to meet the rule.  The most important, "That he had made all the property over to her, if he should happen to die first everything would be hers," may quite well refer to a testamentary disposition, and, moreover, owing to her position and power under the will, is not inconsistent with it.  The rest of the answer, part of which we have just quoted, refers to his deeds; as a whole it is not sufficient to set aside the presumption of delivery where the lips of one of the parties are sealed in law and the other in death, with the rights of residuary legatees intervening.

The endorsement on the envelope, "to be recorded after his wife's death," may have been placed there for some purpose altogether foreign to that now being urged. Recording would be necessary to pass a title-examiner's inspection, but nonrecording did not prevent the title from passing, and, so far as creditors or others dealing with Cragin were concerned, the title to the Palm Beach property, from the record, was in his wife's name.  Had Mr. Wanner's testimony been supplemented by evidence coming from the wife as to what was intended by the delivery at that time, making her claim as certain as here contended for, it would have been a very important factor in determining this question.  The time when the intention should appear was before or at the time the deed was made and delivered.

Another strong circumstance standing in the way was, twenty years after the deeds were executed, a will was made, wherein the trustees were directed to sell or lease all his real estate, and the only real estate owned, so far as appears in the estate, was that covered by these deeds: Thompson v. Wanamaker's Trustee, 268 Pa. 203.

Thus far we have considered the question solely from the standpoint of our Pennsylvania law, but, as the conveyance was a Florida property, it must, of necessity, be governed by the laws of that state, which require two witnesses to evidence a change in ownership of real estate. It may be there is in law a conditional delivery such as here set up; certainly the deed could not have been delivered in escrow in possession of the grantee. What we now hold is that the combined acts relied on by appellant to show a conditional delivery do not, in themselves, come within the rule of law as being clear, precise, convincing and satisfactory as showing a conditional delivery was intended, or that no delivery was in fact made. The grantor parted with the possession of the deed as well as all power and control over it; she fixed no condition to it. The grantee could have sold or liened the property, and he did deal with it as his own.

The decree of the court below is affirmed; costs to be paid by appellant.