## Cray Estate.

Argued September 28, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

26

*George L. Eynon,* with him *Shoemaker & Eynon,* for appellant.

*Francis A. Wolf,* with him *F. W. Ries, Jr.,* for appellees.

Opinion by Mr. Justice Allen M. Stearne, October 30, 1945:

This is an appeal from a decree of an orphans' court awarding an inquest in partition under the Orphans' Court Partition Act of June 7, 1917, P. L. 337, section 1, as amended by the Act of June 24, 1939, P. L. 707, 20 PS section 1181. The litigation relates to title to real estate passing under the will of Peter Cray, deceased. Appellant contends that title was in the wife of decedent Peter Cray, as survivor under an estate by the entireties, and therefore passed to appellant under the will of the deceased wife. Appellees maintain that title was in the husband, the decedent, in severalty, and that upon his decease, passed under his will, subject to the interest of his surviving spouse, who elected to take against the will. The court below, being required to determine the interested parties and define their interests before the inquest in partition was granted (*Becker Estate,* 352 Pa. 452, 454, 43 A. 2d 4), decided the question in favor of the appellees. This appeal followed.

The facts are not in dispute. Peter Cray was the owner in severalty of a tract of land having a frontage of one hundred fifty feet on the easterly side of Balph Avenue in the Borough of Bellevue in Allegheny County. He and his wife, Mary B. Cray, signed and acknowledged a deed conveying the whole tract to Michael Cray, a

straw man. Michael Cray signed and acknowledged a deed reconveying the same property to Peter Cray and Mary B. Cray, his wife. Both of these deeds were dated and acknowledged on November 28, 1923. On February 29, 1924, Peter Cray and Mary B., his wife, signed a deed conveying to David Martin and wife the southerly fifty feet of the tract. This deed was acknowledged on March 3, 1924, and recorded on March 8, 1924. By it there was carved out of the larger tract the lot in question. The recital in the deed made no reference to the deeds of November 28, 1923, purporting to create an estate by the entireties in Peter Cray and Mary B. Cray, his wife. Nine months later, by a deed dated, acknowledged and recorded on August 22, 1924, David Martin, then a widower, reconveyed the lot in question to Peter Cray. On March 18, 1925, the two deeds of November 28, 1923, were placed on record.

The pivotal question therefore concerns the *effective date* of the delivery of the entireties deeds. Was it the date when the deeds were signed and acknowledged, or the date when the deeds were recorded?

In *Chambley v. Rumbaugh,* 333 Pa. 319, 5 A. 2d 171, Mr. Justice HORACE STERN said (page 320) : "The signing, sealing, acknowledging and recording of a deed constitute prima facie evidence of its delivery, or, as it is sometimes stated, give rise to a *presumption* of delivery, which, however, is merely a factual presumption and, as such, rebuttable. Whether there was a delivery in fact in any given case depends upon the intention of the grantor as shown by his words and actions and by the circumstances surrounding the transaction, and constitutes a question to be determined from all the evidence by the jury, or, in equity proceedings, by the chancellor." In the footnotes to his opinion are cited cases in support of this accurate and comprehensive statement of the law.

In *Cragin's Estate,* 274 Pa. 1, 117 A. 445, Mr. Justice KEPHART, later Chief Justice, said (page 5) : "Generally speaking, a delivery is complete when a deed is acknowl-

edged before a proper officer as being signed, sealed and delivered without an act, expression or writing indicating an intention to qualify this formal act: Blight v. Schenck, 10 Pa. 285, 290; Lewis v. Merryman, [271 Pa. 255]." It is pointed out in the opinion that this presumption is not irrebuttable but can be overcome "by evidence that no delivery was in fact intended, and none made", but such evidence must be "clear, precise, convincing and satisfactory."

Appellant urges that the parol testimony and inferences to be drawn from attendant circumstances were sufficient to overcome the presumption of delivery at the date of the signing and acknowledgment of the deeds. Judge TENER, the chancellor, found that the evidence was insufficient to overcome the presumption. His findings were approved by the court in banc. Appellant, however, argues that the evidence discloses that the husband and wife did not intend to create an estate by the entireties when the deeds were signed and acknowledged, but intended to retain the deeds and make them effective at some future undisclosed time; that when the husband and wife subsequently deeded a portion of the premises, the unrecorded entireties deeds continued to be held by them; when the reconveyance to the husband occurred, that then, and then only, did the parties intend to make the entireties deeds effective by recording them seven months thereafter. Unfortunately for the appellant's theory there is no testimony to establish such supposed intention. All is in the realm of surmise and conjecture. It is but an unsupported suggestion or inference of intention. Delay in recording is not in itself an indication of intent that the deed has not been delivered. The recording of a deed is not essential to its validity or the transition of title as between the parties signatory thereto. In *Cragin's Estate,* supra, a husband and wife conveyed to a straw man, who reconveyed to the wife and the deeds were recorded. The wife and the husband then conveyed to the straw man who reconveyed to the hus-

band. These deeds were not recorded and were held in the possession of the husband until his death. We held that the failure to record was not sufficient to rebut the presumption of delivery. The facts in that case have a striking analogy to those in the present case. Here the loose declarations made by the husband to three witnesses as to how title to his properties was held are not only in contradiction of the written terms of the deeds, and of the fact that the husband held a considerable portion of his real estate in severalty, but are irrelevant and immaterial. The acts of the executors of the husband's estate (of which the wife was one) in making state and federal inheritance tax returns, and those of the real estate assessors in assessing the real estate, are likewise not relevant or material.

There being no evidence of sufficient quality to overcome the presumption of delivery, the decree of the court below must be affirmed.

The appeal is dismissed at appellant's cost.