Williams, Appellant, v. Blanding et al.

Argued November 20, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*James A. Danahey*, with him J. I. Simon, for appellant.

*Louis Vaira*, for appellees

OPINION BY WOODSIDE, J., January 21, 1958:

This is an appeal from a decree of the Court of Common Pleas of Allegheny County sitting in equity in which the court refused to take off a nonsuit entered by the chancellor, and ordered final judgment to be entered in favor of the defendants and against the plaintiff.

Grover C. Williams, the plaintiff herein, and his wife, Birdie Williams, from whom he was separated, had title to premises known as 1236 Brushton Avenue, Pittsburgh. For a number of years Grover and Anna Willis, with whom he had four children, were living in this house. In 1950 Grover and Birdie were divorced, and by deed of January 4, 1952, she conveyed her interest in the above premises to him.

A deed for the above premises, in which Lucille Blanding, one of the defendants, was named grantee,

was signed by the plaintiff. It was dated January 3, 1952, acknowledged by him April 16, 1952, and duly recorded in Allegheny County on April 18, 1952. It is this deed which the plaintiff is seeking to have set aside in this action.

In September 1952, the plaintiff married Lucille Blanding in Winchester, Virginia. He testified that he did not intend to marry her, that he was kidnapped, and that he never lived with her after the marriage. The record showed that he divorced Lucille April 20, 1954, and that he had testified in the divorce case that he had lived with her from September 11, 1952 until April of 1953. Nine days after he divorced Lucille, he married Anna Willis. Lucille then notified him to get out of her house.

Williams then filed the complaint in this case alleging that the deed in which Lucille Blanding was named grantee was given to Ellen Bond, the other defendant, who orally agreed to hold it until such time as he wanted it returned to him, that he demanded the return and that it was refused. He also alleged that Ellen Bond had obtained the deed by fraud, accident or mistake, and had delivered it to Lucille Blanding who had refused his requests to reconvey the premises to him.

Testimony was taken by Judge KENNEDY, as chancellor. The plaintiff testified that in January 1952, he was having trouble with Anna Willis, and that he was afraid she would somehow obtain title to his home. He said that Blanding took him to Bond who persuaded him to execute the deed in order to get Anna out of the house. He claimed that there was no consideration for the deed, and that after Anna had vacated the premises, the deed was to be returned to him.

Ellen Bond was called by the plaintiff as on cross-examination, and her testimony was to the effect that

she never agreed to hold the unrecorded deed as a trustee for the plaintiff, and that she delivered it to Lucille Blanding upon the assumption that consideration had passed between the grantee and the plaintiff.

After hearing the plaintiff's evidence, the chancellor entered a nonsuit, which the court subsequently refused to remove.

It is true, as the plaintiff contends, that a nonsuit in equity should not be granted unless the evidence presented by the plaintiff is totally insufficient to sustain a decree in his favor. This rule must be applied, however, with a consideration of the nature of the action and the weight of evidence necessary to sustain it. Our Courts have frequently manifested their respect for the integrity of written instruments. Such instruments are not to be set aside except upon convincing testimony that their execution was tainted with fraud, either actual or constructive, or that the person so executing them did not have what the law considers sufficient mental capacity to do so. *Jones v. Shaffer,* 357 Pa. 628, 637, 55 A. 2d 387 (1947); *Jenne v. Kennedy,* 379 Pa. 555, 109 A. 2d 307 (1954). This requires that the evidence be clear, precise and indubitable, or, in other words, that the witnesses are credible, that they distinctly remember the facts to which they testify, and that they narrate the details exactly. *Simon's Est.,* 20 Pa. Superior Ct. 450, 477 (1902).

In the opinion of the court below, Judge KENNEDY, speaking for a court en banc composed of Judges BROWN, ALPERN and himself, said: "The testimony of the plaintiff lacks those qualities of being clear, concise, indubitable and convincing that is required to set aside a solemn instrument admittedly signed and acknowledged by him and of record in the Recorder of Deeds Office for nearly two and one-half years before

the Complaint was filed. It is the law of the Commonwealth that execution, acknowledgment and recording of a deed are prima facie evidence of delivery. See: Clauer v. Clauer, 22 Pa. Sup. 395; Ingles v. Ingles, 150 Pa. 397; Lewis v. Merryman, 271 Pa. 255. A deed under seal presumes a valuable consideration. Caplan v. City of Pittsburgh, 375 Pa. 268."

The record shows that the chancellor and the court en banc gave this matter their careful consideration. After examining the evidence, which it will serve no useful purpose to relate in detail, we are of the opinion that the chancellor and the court below were justified in concluding that the plaintiff had failed to supply the clear, precise and indubitable evidence necessary to support his claim.

Decree affirmed.