Roe *v.* Roe, Appellant.

Argued January 11, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*George W. Thompson,* with him *Baile, Thompson & Shea,* for appellant.

*George T. McConchie,* with him *Hodge, Hodge & Cramp,* and *Hamilton and Darmopray,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 20, 1962:

Mildred Roe, the appellee, commenced an action in ejectment against her mother-in-law, Margaret Roe, the appellant. Appellee claimed title under a recorded deed from appellant to appellee and her deceased hus-

band, as tenants by the entireties. Appellant, in her answer, denied having conveyed the premises in question to her son and daughter-in-law but did not plead fraud or forgery as an affirmative defense by way of new matter.

At the trial, appellee introduced into evidence her deed from appellant, its recording having been admitted in the answer, and rested. Appellant testified in her own behalf in an attempt to show that the deed was a forgery or had been obtained by fraud. The trial court directed a verdict for appellee and appellant moved for a new trial which was refused. It is from the refusal of the motion for new trial that this appeal is prosecuted.

Appellant contends that the trial court erred in taking the case from the jury. We disagree. The introduction of the executed and delivered deed, complete on its face, shifted to appellant the burden of proving the deed the result of fraud, accident or mistake. *Cragin's Estate*, 274 Pa. 1, 117 Atl. 445 (1922). The able opinion of the court below sums up appellant's evidence as follows: "It would seem evident from the record that there was no fraud or forgery involved because the recipient of the deed was the defendant's son and she specifically testified that Thomas was a good son to her . . ., he gave her money and assisted her in many ways and she would not say one derogatory thing about Thomas generally or with specific reference to the obtaining of this deed. That there is no forgery alleged or shown here is amply borne out by the record where the witness, not once but several times, when questioned as to her signature, would say only that she did not remember signing the deed but that the signature appeared to be hers. As a matter of fact, at one point she said it was her signature . . . but what she was saying was she did not write it on a deed. If it is her signature and this is a deed, she cannot be heard to say

she did not write it on a deed. Therefore, lacking both allegation of fraud and forgery, and the record lacking any proof of such, these two grounds for challenging the deed are lost."

The court below goes on to sustain the action of the trial court on the authority of *Cragin's Estate*, supra, and *Claar v. Burket*, 390 Pa. 576, 136 A. 2d 111 (1957). An even better statement of the law which controls the instant case is contained in *Burke v. Burke*, 240 Pa. 379, 386, 387, 87 Atl. 960 (1913), wherein this Court said: "It must be conceded that the grantor may attack a deed on the ground of forgery, either as to its execution or acknowledgment, or that it was fraudulently obtained from him. This may be done by parol evidence, and it then becomes a question for the jury. The evidence, however, should be sufficiently satisfactory to convince a jury that the forgery or fraud had been established. The law presumes that the deed was duly executed and acknowledged and the evidence in support of the forgery or fraud should be sufficiently explicit to rebut the presumption. Neither fraud nor forgery will be presumed and when it is alleged and attempted to be shown the evidence must be sufficiently clear and explicit that a jury could reasonably find it as a fact. If the evidence is not of this character the court should withdraw the case from the jury. It is not for a jury to guess that a deed which purports to be duly executed and acknowledged and is of record is tainted either with forgery or fraud. Evidence must be produced which will bring conviction of the fact to twelve reasonable and intelligent jurymen. Since the scintilla doctrine has been exploded, both in England and in this country, the preliminary question of law for the court is, not whether there is literally no evidence, or a mere scintilla, but whether there is any that ought reasonably to satisfy the jury that the fact sought to be proved is established. If there is evidence from which the jury

can properly find the question for the party on whom the burden of proof rests, it should be submitted; if not, it should be withdrawn from the jury: Hyatt v. Johnston, 91 Pa. 196, 200."

A careful review of the record in the case at bar fails to convince us that there is evidence "sufficiently clear and explicit" from which a jury could reach the conclusion contended for by appellant.

Judgment affirmed.