O. ALEXANDER *v.* J. W. WILKES, Executor.

ESCROW. *Promissory note.* A promissory note may be delivered by the maker to the payee upon condition, or as an escrow.

FROM HAYWOOD.

Appeal in error from the Circuit Court of Haywood county. J. T. CARTHEL, J.

H. B. FOLK for Alexander.

JESSE NORMENT for Wilkes.

COOPER, J., delivered the opinion of the court.

J. W. Wilkes as executor of P. C. Wilkes, deceased, brought this action against O. Alexander on a promissory note. The verdict and judgment were in favor of the plaintiff, and the defendant appealed in error.

The note was in the usual form, except that there was a scroll or mark for a seal opposite the name of each of the two makers of the note, J. C. Wilson and O. Alexander, and a third seal as if for an additional signature. The defendant, Alexander, pleaded that he signed the note as surety for J. C. Wilson, and in renewal of another note on which defendant and W. J. Lyle were the sureties of Wilson; that he signed the note with the express understanding with the plaintiff's testator, to whom the note was payable, that defendant was not to be bound on the same until the plaintiff's testator got W. J. Lyle, or some other person of equal solvency, to sign said note, and then surrendered the old note; and that the plaintiff's testator did not get Lyle or any one else of equal solvency to sign the note, nor did he ever surrender the original note.

There was proof introduced by the defendant tending to show that the delivery of the note to the payee was conditional. The trial judge charged the jury: "If you find from the testimony that plaintiff's

testator held a note on J. C. Wilson as principal, and defendant and Lyle as sureties, and that the note sued on was executed by J. C. Wilson and defendant, and delivered to Wilkes the payee in renewal and satisfaction of the old note, and was accepted by Wilkes in renewal and satisfaction of the old note, then the plaintiff would be entitled to recover; and this would be so, even though it should appear that at the time of the execution and delivery of the note sued on, it was stipulated that said Lyle was also to sign the note sued on, and defendant signed and delivered it to the payee on that condition."

His Honor refused the request of the defendant to deliver the following charge: "If you find from the proof that the note sued on was made by J. C. Wilson as principal and defendant as surety, and delivered to P. C. Wilkes, the payee, with the express agreement that defendant was not to be bound on it until the original note was delivered up, and the name of W. J. Lyle, or some one of equal solvency was procured on the note, and that P. C. Wilkes accepted the note on that condition, and that the condition has never been complied with, then the defendant is not liable upon the note sued on, and you should find a verdict for the defendant."

The charge of his Honor, the trial judge, is open to objection that it does not apply to the testimony upon which the defendant sought to rest his defense. It is true, the jury might have found from all the evidence before them, in the language of the judge, "that the note sued on was executed by J. C. Wilson

and defendant, and delivered to Wilkes, the payee, in renewal and satisfaction of the old note, and was accepted by Wilkes in renewal and satisfaction of the old note," and that the stipulation that Lyle was also to sign the note was a condition to be performed by the makers of the note, not by the payee. But the theory of the defense was that the note was not delivered and accepted at all, as a completed instrument, in satisfaction of the old note, but that it was only to be accepted in satisfaction, and the old note delivered up when another person was procured to sign as a co-maker. There was evidence upon which the jury might have found that the delivery was not absolute but conditional. The defendant was entitled to have the law charged upon this state of facts. The charge has been construed in the argument on behalf of the appellee as meaning that a note could not be delivered to the payee upon condition, or as an escrow, and that if so delivered, the condition would be of no avail, and the delivery absolute. But his Honor does not say so. He merely says that if the note was delivered by the two makers, and accepted by the payee in satisfaction of the old note the contract would be complete, and the condition would not affect the payee's rights, which might be true if the condition was to be performed by the makers of the note.

The charge which his Honor refused to give does raise the question which has been so fully and ably argued by the counsel, and that is whether a promissory note can be delivered by the makers to the payee upon a condition, or, to use the technical word

applicable to instruments under seal, as an escrow. The instrument in the case before us does have a seal or scroll affixed to the names of the makers, but, as the use of private seals has been abolished by the Code, it is in effect only a promissory note.

An escrow, as defined by the common law, is a written instrument delivered to a third person to take effect on the happening of a contingency. The term was originally applied to a deed, but has been extended first to sealed obligations, and then to written contracts generally. And it has been usually held that if the instrument be delivered into the manual possession of the grantee, it cannot operate as an escrow, though the parties may both have meant it should. It will, in such case, take effect discharged of the condition. This rule of the common law was recognized in *Johnson* v. *Branch,* 11 Hum., 521, and *Brown* v. *Reynolds,* 5 Sneed, 639. In the first of these cases, the delivery was by the surety to his principal to procure an additional surety named, not to the obligee. In the second case, the delivery was to the obligee to be handed to a third person to keep. In *Majors* v. *McNeilly,* 7 Heis., 294, the delivery of the notes was by the surety to the payee upon his agreement that they should not be operative until another surety was procured, and that he would hand them to the principal obligor to procure the other surety, but the payee, it seems, never did hand the notes to the principal. The surety was relieved in this case, as was the obligor in the next preceding case cited. In *Breeden* v. *Grigg,* 8 Baxt., 163, the delivery was by the makers of the

15—VOL. 11.

note directly to the payee, and upon a condition, the instrument being treated by the court as an escrow, and the maker was relieved, even after judgment at law on the note, upon a bill in chancery. The court met the objection that the defense should have been made on the trial at law by saying that the remedy was not clear and unembarrassed at law.

From this review of our decisions, it will be seen that the rigid rule of the common law has been modified in this State so as to give relief both at law and in equity although the delivery may have been directly to the payee or obligee. In *Brown* v. *Reynolds*, which was an action of covenant at law, the notes were delivered to the payee upon condition, to be by him handed to a third person to be kept, but it does not appear that they were ever turned over to such person. And, in any event, the stipulations of the condition were made with the payee, and his undertaking to hand the notes to another person was itself a condition. If a valid condition for any purpose may qualify the delivery to the payee, the logical result is that the delivery may always be accompanied by a qualifying contract. And if equity will relieve in such a case even after a judgment at law, the rule that the defense cannot be made at law becomes merely technical. If the condition be such as to prevent the instrument becoming the act and deed of the maker until the contingency happen, the remedy is at law by special plea of *non est factum*. And if the condition be such as to make the failure to comply with it a fraud upon the makers, the remedy is either at law or in equity,

the courts having concurrent jurisdiction, although less embarrassed in a court of equity.

The written plea filed in this case is a special plea of *non est factum.* The plea, as copied into the record, does not show that it was sworn to as required by statute in all cases in which the instrument is the foundation of the action: Code, sec. 3777. It seems to have been treated in the court below, and certainly in the argument in this court as a valid plea. The absence of an affidavit has not been assigned as error, nor do we think the assignment could be entertained for the first time in this court. The suit was, moreover, commenced before a justice of the peace, and no pleadings were required except when prescribed by statute. The defense of fraud because of the violation of the condition upon which a note was delivered might be made without written plea if the fraud was such as not to avoid the instrument as the act and deed of the makers, but not if it amounted to a denial of the execution of the instrument.

The plaintiff insists that the note sued on was delivered and accepted by the plaintiff's testator without any condition binding on him. The defendant relies upon the condition set out in his plea. It is for the jury to find the true facts upon a correct charge. The charge before us is erroneous because it does not meet the matters of defense relied on.

The judgment must, therefore, be reversed, and the cause remanded for a new trial.