Appeal of John B. Fassett and Mary J. Fassett, from the Definitive Decree of the Court of Common Pleas of Wyoming County, in the Matter of the Distribution of the Fund Derived from the Sheriff's Sale of the Real Estate of H. C. Frost.

[Marked to be reported.]

*Gift—Arrearages of dower—Receipt—Evidence.*

Arrearages of a dower due by a son to his mother may be the subject of gift, and a receipt in full for such arrearages given by the mother to the son, is evidence of a gift to the son.

In such case the fact that no money was actually paid by the son, and that the recognizance was not surrendered, is immaterial to affect the legality of the gift.

After the receipt for dower had been given, the son's real estate charged with the dower was sold at sheriff's sale. The assignees of the widow claimed the arrearages of dower out of the fund for distribution. The widow testified: "I signed his receipt but I never received any money, but I supposed he would pay me when he got able. . . . He said if I needed it, and he got able, he would pay me, notwithstanding I had given him this receipt." *Held*, that the evidence was insufficient to prove a condition annexed to the gift.

If the declarations made by the son to the mother at the time the receipt was given had amounted to a condition, they would be insufficient to defeat the gift in the absence of proof that the son had ever been able to pay the money, or that his mother had needed it.

Argued March 1, 1895. Appeal, No. 283, Jan. T., 1895, by John B. Fassett and Mary J. Fassett, plaintiffs from the defini-

tive decree of C. P. Wyoming Co., Nov. T., 1890, Nos. 44 and 45, sustaining exceptions to auditor's report. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Reversed.

Distribution of the proceeds of a sheriff's sale of real estate.

From the record it appeared that the land sold was formerly the property of Jason Frost, and that after his death it was taken by his son, H. C. Frost, in partition proceedings, charged with the payment of dower to his mother Mary Frost. On Sept. 2, 1890, John B. Fassett and Mary J. Fassett entered judgments against H. C. Frost. On these judgments the land was sold and the fund produced which was for distribution before the auditor. This fund was also claimed by the appellees, N. H. Davis & Co. and Shaler & Clark, as assignees of the arrearages of the widow's annual charge, which they claimed had not been paid or satisfied.

To defeat this claim the appellants proved that Mary Frost, the widow, had given H. C. Frost a receipt for all arrearages down to and including the year 1888, and before she had made any assignments thereof, and appellants contended that such receipt was a discharge or relinquishment thereof pro tanto.

The auditor sustained the appellants' contention and, after awarding to the appellees the arrearages accruing after April 20, 1888, gave the balance to the appellants as lien creditors of H. C. Frost. To this the appellees filed exceptions which the court sustained and awarded the whole fund to appellees, say-ing:

"Exceptions sustained and report not confirmed. The widow's interest was not paid. She or her assignee can show that no money passed when the receipts were given, and although the widow may have intended to give the payments in controversy there was no gift in law. The fund should have been distributed to the widow's assignee." [3]

*Errors assigned* were, (1) in sustaining the exceptions to the auditor's report; (2) in making a decree awarding the whole fund to N. H. Davis & Co., & Shalor & Clark as assignees of the widow; (3) portion of the opinion as above; (4) in

not awarding $408.10 to the judgment of John B. Fassett and Mary J. Fassett, the appellants.

*Charles E. Terry*, *E. J. Jorden* with him, for appellants.— The evidence was sufficient to establish a gift of the arrearages: Malone's Est., 13 Phila. 313; Crawford's App., 61 Pa. 52; 8 Am. & Eng. Ency. of Law, 1321; Carpenter v. Soule, 88 N. Y. 251; Green v. Langdon, 28 Mich. 221; Megargel v. Megargel, 105 Pa. 236; Irish v. Nutting, 47 Barb. (N. Y.) 370; Doty v. Willson, 47 N. Y. 581.

The assignee took the assignment subject to the receipts, of which the assignees were bound to take notice or make inquiry: Lane v. Smith, 103 Pa. 415; Eldred v. Hazlett's Admrs., 33 Pa. 307; Faull v. Tinsman, 36 Pa. 108; Todd v. Stokes, 10 Pa. 155; Frantz v. Brown, 1 P. & W. 257.

Where the gift is executed, both the terms of it and the fact of delivery may be evidenced by writing, whether sealed or not: Nicholas v. Adams, 2 Wharton, 17; Bond v. Bunting, 78 Pa. 219.

*James W. Piatt*, *Wm. Maxwell* and *Charles M. Lee* with him, for appellees.—This is not the case of a gift. It is merely a question of payment or no payment: Thornton on Gifts and Advancements, par. 3.

By annexing a condition to a gift there is no gift in præsenti and the donor may revoke it: Thornton on Gifts and Advancements, pars. 92, 106.

The gift of a bond, note or any other chattel, cannot be made in words in futuro, or by words in præsenti unaccompanied by such delivery of the possession as makes the disposal of the thing irrevocable: Campbell's Est., 7 Pa. 100; Erb v. Brown, 69 Pa. 219; Bell v. Bell, 12 Pa. 235; Withers v. Weaver, 10 Pa. 391; Smith v. Dorsey, 38 Ind. 454; Smith v. Ferguson, 90 Ind. 229; Allen v. Polereczky, 31 Me. 338; Grover v. Grover, 24 Pickering, 261; Little v. Willets, 55 Barb. N. Y. 129; 2 Kent's Com, 438; Irish v. Nutting, 47 Barb. 383; Miskey's App., 107 Pa. 629.

The assignee stands in the same position as would Mary Frost: 1 Am. & Eng. Ency. of Law, 844; Mehaffy v. Share, 2 P. & W. 361; Foster v. Fox, 4 W. & S. 92; Donley v. Hays,

17 S. & R. 400; Philips v. Bank, 18 Pa. 394; Cathcart's App., 13 Pa. 416.

A receipt is merely prima facie evidence of the fact and not conclusive, and therefore the fact which it recites may be contradicted by oral testimony: 1 Greenleaf on Evidence, par. 305; Xander's Est., 7 Pa. C. C. 482; Kenny v. Kane, 14 Atl. 597; Batdorf v. Albert, 59 Pa. 59; Hillbish's App., 89 Pa. 497; Leibert's App., 119 Pa. 517; De Haven v. Bartholomew, 57 Pa. 126; Baum v. Tonkin, 110 Pa. 573; Megargel v. Megargel, 105 Pa. 479; McKnight v. Bell, 135 Pa. 358; 1 Greenleaf on Evidence, par. 22.

Unless there is a consideration the attempted release is nudum pactum: 20 Am. & Eng. Ency. of Law, 744; Kidder v. Kidder, 33 Pa. 268; Miller v. Hemler, 5 W. & S. 486; Albert v. Ziegler, 29 Pa. 50; Walsh's App., 122 Pa. 177.

OPINION BY MR. JUSTICE GREEN, April 15, 1895:

The auditor found upon abundant testimony "that Mary Frost gave to her son Henry C. Frost a written receipt for all arrearages of dower due her up to April 20, 1888." It is beyond all question that by this action the widow intended to give, and did give, to her son, absolutely and without any condition, all the arrearages of dower which were due her to the date mentioned. A title by gift is just as good as a title by deed and cannot be revoked after the gift is completed. In this case the donor has never revoked the gift or attempted to do so, and it is not in the power of any other persons to do so for her, nor could she do so herself after it was completed. The subject of the gift here was money due to the donor from the donee. If the money due had actually been paid by the donee to the donor and the receipt given, and then the donor had handed back the money to the donee, no possible question could have arisen as to the effect of the transaction. But the handing of the money back and forth was entirely unnecessary, and therefore the giving of the receipt was just as efficacious to extinguish the title of the donor to the money as if its bodily transmission from the one to the other and back again had actually taken place. The question arises only between the donor and donee. No rights of creditors of the donor are involved because there were none. As to any subsequent assignees

they could not take what the donor could not give them, and they could only take what she had to give, that is, moneys due for dower after April 20, 1888.   These considerations are quite sufficient to dispose of the case.   Some attempt is made to affect the quality of the gift by an effort to clothe it with a condition but it is altogether futile.   It is argued that because no money was actually paid and the recognizance was not surrendered there was no good legal gift.   As to the surrender of the recognizance it was neither feasible nor essential to the gift. Further payments in the future would become due under it and it could not be surrendered by the widow even if she had so desired.   As to the payment of money for the receipt, if that were necessary, there could be no such thing as a gift of money due to the donor.   If it had to be purchased and paid for it would not be a gift at all.

The effort to prove a condition is equally untenable.   The argument is founded upon the testimony of the widow.   She says, " I signed his receipt but I never received any money, but I supposed he would pay me when he got able."   Of course her *supposition* on this subject is only a supposition and not a condition of the gift in the least possible sense.   Again she testified, " He said if I needed it and he got able he would pay me notwithstanding I had given him this receipt."   As it has not yet been proved that her son has ever been able to pay this money back, or that his mother needed it, this remark of the son would be utterly ineffectual to defeat the gift, even if it had amounted to a condition of the gift.   But it never had any such quality.   It was not exacted by the mother as a term of the gift, nor could it be pretended to be of any higher dignity than a mere casual remark of the son.   It had nothing to do with the gift.   The numerous authorities cited in the argument for the appellees are altogether wide of the mark. They are not relevant to the question at stake here.   The subject of the gift was moneys due to the donor for arrearages of dower due to her by the donee.   She gave them to him in the only way in which such a gift could be made, viz, by a receipt in full to a certain date.   That act was absolute, unqualified, completed by a delivery of the receipt to the donee, never questioned by the donor and completely efficacious to convey her title to the arrearages due.   That is all that is necessary to

make a complete and perfect gift of such a subject-matter. The assignments of error are all sustained.

The decree of the court below is reversed at the cost of the appellees and the record is remitted with instructions to distribute the fund in accordance with this opinion.