Loughran *v.* Kummer, Appellant.

180

Argued March 21, 1929. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*F. C. McGirr*, with him *Ritter, Ruffennach & Ruffennach*, for appellant.—When plaintiff executed, acknowledged and delivered to defendant the deed in this case, he was perfectly aware of what he was doing, and intended to make the deed and gift conclusive.

The mere fact that plaintiff, after he had executed, acknowledged and delivered the deed to defendant, said, "Remember, this deed is not to be recorded until after my death," does not attach a condition to the delivery which would entitle plaintiff to afterwards revoke the deed: Cragin's Est., 274 Pa. 1; Simonton's Est., 4 Watts 180; Weisenberger v. Huebner, 264 Pa. 316.

Where a gift inter vivos has been perfected by sufficient delivery and acceptance, it cannot be revoked: McHale v. Toole, 258 Pa. 293; Myers's Case, 248 Pa. ·76; Fassett's App., 167 Pa. 448; Greenfield's Case, 14 Pa. 489; Barnard v. Kell, 271 Pa. 80; Russell's App., 75 Pa. 269; Edwards v. Edwards, 170 Pa. 212; Pringle v. Pringle, 59 Pa. 281; Eckman v. Eckman, 68 Pa. 460.

The general rule is that delivery of a deed cannot be made to the grantee conditionally.

*Charles A. Poth,* with him *Walter F. Campbell,* for appellee.—The nature of the transaction, and the question whether or not the deed was an absolute gift to appellee, depends on the intention of the parties and is gathered from all the circumstances of the case.

The deed being a voluntary deed, in the absence of proof of a distinct intention to make the gift irrevocable, the conveyance will be set aside if the other circumstances of the case warrants it: Miskey's App., 107 Pa. 611; Madole v. Miller, 276 Pa. 131; Russell's App., 75 Pa. 269; Frederick's App., 52 Pa. 338; Longenecker v. Church, 200 Pa. 567; Wolfe's Est., 284 Pa. 169.

OPINION BY MR. JUSTICE KEPHART, April 22, 1929:

Appellee, a bachelor sixty-seven years of age, conveyed, for one dollar, land in Pittsburgh to Mrs. Kummer, appellant, who was one of his tenants. A bill was filed to set aside this deed; the grounds laid were confidential relationship, undue influence and ·impaired mentality. Inasmuch as the facts must again be considered, we will mention only such as raise the legal question on which the case was decided; we venture no opinion on the other facts.

The court below found from the evidence that a deed absolute on its face had been executed, acknowledged and delivered to appellant by appellee, on condition that it should not be recorded until the latter's death; that undoubtedly in his mind this meant that the deed was not to take effect until after his death; and that he, demanding the return of the deed within a very few days after the delivery, thus revoked it and with that revocation revoked the gift. Appellant deceived appellee when she stated the deed had been destroyed. The excuse given was appellee was worried and she wanted to ease his mind by making him believe that it had been destroyed.

The foregoing reasons given for the cancellation of the deed were not averred in the bill. See Luther v. Luther, 216 Pa. 1. No specific findings were made on the general complaints of the bill, the court holding, "I do not consider that the question of undue influence or of confidential relationship of the defendant to the plaintiff is important in this case. I have found as a fact that the deed was executed and delivered to the defendant on the consideration that it should not be recorded until after the death of plaintiff."

The question we are asked to consider is whether a deed absolute on its face, acknowledged, executed and delivered under circumstances as here indicated, vested such title in the grantee as could be revoked for the above reasons. It amounts in substance to this, that the grantor said the deed should not be recorded until after his death, and the grantee in accepting the deed, took it on that condition. The evidence on which this finding was based was all oral and the scrivener and defendant denied any such condition was imposed when the deed was delivered. All control over the deed was relinquished when it was handed appellant. The presumption must be that at that time it was the intention to pass title. "The general principle of law is that the formal act of signing, sealing and delivering is the consummation of the deed, and it lies with the grantor to prove clearly that appearances are not consistent with truth. The presumption stands against him, and the burden is on him to destroy it by clear and positive proof that there was no delivery and that it was so understood at the time. Where we have, as here, a deed absolute and complete in itself, attacked as being in fact otherwise intended......, there is a further presumption that the title is in conformity with the deed, and it should not be dislodged except by clear, precise, convincing and satisfactory evidence to the contrary": Cragin's Est., 274 Pa. 1, 5.

The gift here was executed, and that defendant was not to record it was not of the slightest consequence when viewed as against these major actions, delivery and passing of title. It was merely a promise the keeping of which lay in good faith, the breach of which entailed no legal consequences. To have effected the grantor's purpose, the intervention of a third party was absolutely essential. There are circumstances where acknowledgment, together with physical possession of the deed in the grantee, does not conclusively establish an intention to deliver, and the presumption arising from signing, sealing and acknowledging accompanied by manual possession of the deed by the grantee is not irrebuttable (Kanawell v. Miller, 262 Pa. 9, 14; Smith v. Markland, 223 Pa. 605, 629; Clauer v. Clauer, 22 Pa. Superior Ct. 395, 399; Lewis v. Merryman, 271 Pa. 255), but this presumption can be overcome only by evidence that no delivery was in fact intended and none made. Such evidence is not present in this case. Here the grantor by his own testimony intended the grantee to get the land. The only question was when it was to take effect.

Here is one of the instances in which the law fails to give effect to the honest intention of the parties for the reason that they have not adopted the proper legal means of accomplishing their object. Therefore, the legal effect of such delivery is not altered by the fact that both parties supposed the deed would not take effect until recorded, and that it may be revoked at any time before record, or by contemporaneous agreements looking to the reconveyance of the property to the grantor or to the third party upon the happening of certain contingent events or the nonperformance of certain conditions: 8 R. C. L. 983; 21 C. J. 874; 16 C. J. 731.

The reason for these rules is obvious. It is quite possible to prove in most deliveries that some parol injunction was attached to the formal delivery of the deed; if they are to be given the effect here contended, there

would be no safety in accepting a deed under most circumstances. It opens the door to the fabrication of evidence that would inevitably be appalling and go far toward violating the security of written instruments. We have so held in matters of less import than the conveyance of land: First Nat. Bank of Hooversville v. Sagerson, 283 Pa. 406; Second Nat. Bank of Reading v. Yeager, 268 Pa. 167. The rule must not be relaxed as to realty. Such conveyances are vastly more important as they involve instruments of title and ownership which are used as a means of extending credit. Title to land ought not to be exposed to the peril of successful attack except where the right is clear and undoubted, and whatever may be our desire to recognize circumstances argued as unfortunate we cannot go to the extent of overthrowing principles of law governing conveyances of real estate that have stood the test of ages.

In Cragin's Estate, supra, the deeds were, in a tin box for more than twenty-three years in an envelope endorsed with the words, "to be recorded upon Mrs. Cragin's death, if before me." The deed was in grantee's possession and it was urged the delivery was conditional. We said that endorsement may have been placed on the envelope for other reasons than to defer the transfer of title. In the present case it was evident appellee did not want his relatives to learn of the conveyance. Recording would be necessary to pass a title-examiner's inspection, but nonrecording did not prevent the title from passing. It has been quite generally held that an oral understanding on the delivery of a deed that it should not be recorded will not affect the absolute character of the conveyance if free of other conditions: Lewis v. Brown, 22 Cal. App. 38; citing many authorities as follows: Lawton v. Sager, 11 Barb. (N. Y.) 349, 351; Fairbanks v. Metcalfe, 8 Mass, 230; Alexander v. Wilkes, 79 Tenn. 221; Mowry v. Heney, 86 Cal. 471; Riley v. North Star Mining Co., 152 Cal. 549; Hammond v. McCullough, 159 Cal. 639; Whitney v. Dewey, 10 Idaho 633.

An agreement to deliver a deed in escrow to the person in whose favor it is made, and who is likewise a party to it, will not make the delivery conditional. If delivered under such an agreement, it will be deemed an absolute delivery and a consummation of the execution of the deed: Simonton's Est., 4 Watts 180; Cragin's Est., supra. See also Weisenberger v. Huebner, 264 Pa. 316.

We call attention to the following cases on the general question: Fassett's App., 167 Pa. 448; Bernard v. Kell, 271 Pa. 80; Russell's App., 75 Pa. 269; Edwards v. Edwards, 170 Pa. 212; Pringle v. Pringle, 59 Pa. 281; Eckman v. Eckman, 68 Pa. 460, 471. We need not further discuss revocation of a gift inter vivos which has been perfected by delivery and acceptance. See Greenfield's Est., 14 Pa. 489; 28 C. J. 649, section 45. While a perfected gift may not be disturbed for reasons here given, the evidence relied on may be important when the gift is attacked on other lines. The court below erred in decreeing a revocation of the deed for the reason given. As stated above, we do not pass on the main questions involved in the bill which the court below has not passed on. We leave the court below free to act on them when the case comes before it.

The decree of the court below is reversed and the record is remitted with a procedendo.