Atlas Bolt and Screw Company *v.* Komins et al., Appellants.

Argued October 4, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*David Kanner,* with him *Edward Rudnick,* for appellant.

*Cecil P. Harvey,* with him *William Horenstein,* for appellee.

OPINION BY PARKER, J., January 30, 1940:

This is an action in assumpsit brought to recover a balance claimed to be due for merchandise which it is alleged defendants agreed to purchase from plaintiff. A jury rendered a verdict in favor of the plaintiff for the full amount of the claim and a judgment was entered

on the verdict. The defendants then appealed to this court alleging errors in the charge to the jury.

The plaintiff alleged in its statement of claim that defendants agreed to buy 50,000 machine bolts and nuts from plaintiff by a written order, a copy of which was attached; that it was agreed verbally that the bolts called for were the same as those supplied by plaintiff to Snyder, Inc., and L. M. & W. Manufacturing Company; that the order was accepted and the bolts were manufactured; that 10,000 of said bolts and nuts were delivered, accepted, and paid for by defendants; that later 10,000 more of the bolts and nuts were delivered to defendants but were not paid for; and that defendants then refused to accept the balance of said order, or 30,000 bolts and nuts, and declined to pay the balance claimed. The substance of the written order was as follows: "Purchase Order. PENN TOOL CO. 713-15 North Broad Street. Terms: 2%—10th of Following Month. Philadelphia, Pa. 5/12/1937 Atlas Bolt & Screw Co. Cleveland, Ohio. Please Ship Via Penna. R. R. Store Door the following merchandise: Delivery of material on this order is acceptance of price noted thereon. If unable to furnish as specified, advise at once. 50,000 Machine Bolts square head hex nuts threaded $3\frac{1}{2}$ inches pr M 1087 plus $2\frac{1}{2}\cancel{c}$ lb. for cadmium plating 600 extra nuts 2.50 for lot Pitts base. SHIP AT ONCE 10,000. Approved by (Initialed) Purchasing Agent."

The defendants, by their affidavit of defense, did not deny that they executed a written order but claimed that there had been fraudulently removed from the order certain words; that immediately following the words "Ship at once 10,000" were the words "balance to be ordered as needed" at the time the order was signed. They further averred that two months before the order was given plaintiff's salesman had submitted a proposition for the sale of these bolts in which it was suggested "that they accept and pay for 10,000 at once

and the balance to be ordered as needed, and if the said balance, to wit: 40,000 were not ordered within 90 days, then the balance of the order would immediately terminate and be cancelled." There were other averments which were only relevant or material if the written order had been in fact altered by erasing the words mentioned above.

The plaintiff proved the written order and called witnesses whose testimony tended to prove all the essential averments of the statement of claim, and the defendants offered no testimony. There was no controversy as to the facts except such as is claimed by defendants to exist by reason of the fact that Samuel Komins was called as on cross-examination by the plaintiff and when that examination was completed the trial judge permitted counsel for defendants to develop the matters now relied upon by defendants.

The defendants asked for a new trial on account of certain alleged errors in the charge to the jury, claiming in that respect that the trial judge failed to charge as to the material issues in the case and made an improper use of portions of the pleadings not offered in evidence.

It is not open to question that it is a primary duty of the trial judge to clarify the issues so that the jury may appreciate the precise issues that they are to decide (*Sears v. Birbeck*, 321 Pa. 375, 383, 184 A. 6) and that facts averred in the statement of claim and not denied are not evidence unless placed in evidence by the trial judge or counsel (*Buehler v. U. S. Fashion Plate Co.*, 269 Pa. 428, 433, 112 A. 632). However, we find nothing in the charge to indicate that either of these rules relied on by appellants was disregarded. The only reference to the pleadings contained in the short charge is where the trial judge set forth the defense made by Penn Tool Company to the claim of plaintiff and in that connection stated the claim as it was set forth in the affidavit of defense. Defendants certainly could not

complain that the court adopted their own theory, and in any event it was proper for the court to refer to the pleadings for the purpose of ascertaining what the precise issue involved was: *Buehler v. U. S. Fashion Plate Co.,* supra, p. 433. Further, it is provided by the Practice Act of May 14, 1915, P. L. 483, §16, as amended by Act of April 22, 1929, P. L. 627 (12 PS §452), that "except as provided in sections seven and thirteen, neither party shall be permitted at the trial to make any defense which is not set forth in the affidavit of defense, or plaintiff's reply, as the case may be." It was certainly the duty of the trial judge to refer to the pleadings to ascertain the issue.

With reference to the duty of the trial judge to explain the issues involved, the charge shows that the only serious issue, and the primary issue involved, was explained to the jury in terms that could not be misunderstood, and that if there was any fault in the presentation of the question it was because it was presented more favorably to the defendants than it should have been.

Referring first to the pleadings, we find that there was but one substantial defense averred and that was a controlling one. The defendants claimed that the written order had been fraudulently altered in a material respect. The other matters set forth in the affidavit of defense were auxiliary to that defense and in explanation or corroboration of it. At trial plaintiff furnished evidence supporting the written order and tending to prove it. While defendants offered no defense as such, they were permitted to elicit from Samuel Komins, one of the defendants, after he had been examined by plaintiff as on cross-examination, the facts on which they now rely. Komins said that the order had been placed by his brother Benjamin Komins when the witness was not present but that some time before he, Samuel, had a conversation with the plaintiff's salesman wherein the salesman told him that if he placed

the order for 50,000 bolts and nuts and took 10,000 of them he could cancel the balance of the order. There was not a scintilla of evidence tending to show an alteration in the written order. Assuming that this conversation did take place, an unconditional order was given later and that took the place of any prior conversations. "Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement ...... All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract ...... and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence": *Gianni v. Russell & Co., Inc.*, 281 Pa. 320, 323, 126 A. 791.

There was not a scintilla of evidence even tending to show any alteration in the written order, the acceptance of which was admitted. The other matters referred to by Samuel Komins fall with the main defense. The trial judge made it very clear to the jury that if there was any alteration in the paper after it was signed, the plaintiff could not recover, and permitted the jury to examine the paper itself for the purpose of ascertaining whether they could find any indication of an alteration. If the defendants wished further instructions as to secondary matters it was the duty of their counsel to ask for further instructions. We have no doubt that the jury clearly appreciated the issues involved and we are not surprised that they rendered the verdict which they did.

Judgment affirmed.