Snyderwine, Admrx., Appellant, *v.* McGrath.

Argued October 1, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, PATTERSON and PARKER, JJ.

*Emrys G. Francis*, with him *Louis J. Wiesen*, for appellant.

*Gilbert E. Long*, with him *Edwin C. Moon*, for appellee.

OPINION BY MR. JUSTICE PARKER, November 26, 1941:

In this action of replevin the defendant has a money judgment entered after verdict by a jury, and plaintiff has appealed assigning as error the refusal of her motions for judgment n. o. v. and for a new trial.

The appellant is the widow and administratrix of one Joseph Snyderwine and the chattels in dispute were on a farm owned by them as tenants by entireties. The Snyderwines did not live on the farm; it was occupied and farmed by defendant under some salary arrangement not clearly disclosed in the record. Snyderwine committed suicide November 24, 1936. Later, defendant claimed ownership of the stock and equipment on the farm and, as evidence of ownership, produced a receipt hereinafter discussed. There is a dispute in the testimony as to whether the defendant made known to the plaintiff his claim within a few days or a few weeks after Snyderwine's death. The plaintiff brought this action to determine the title to the chattels. We are of the opinion that the plaintiff is not entitled to judgment n. o. v., but that a new trial should be granted.

The plaintiff's declaration set forth the death of Snyderwine, the appointment of plaintiff as his administratrix, and that Snyderwine was the owner of certain chattels consisting of farm machinery and animals located on a farm owned by decedent and his wife, and claimed the property as his administratrix. The affidavit of defense denied that the title to the chattels was in Snyderwine at the time of his death and alleged that Snyderwine, on November 23, 1936, delivered title and possession of the chattels to defendant who then became the owner thereof and that, as evidence of such transfer of title, Snyderwine did, on November 23, 1936, execute and deliver a certain writing as follows: "Nov. 23, 1936. Received of Howard F. McGrath Four Thousand and . . . xx/100 Dollars. For Horses, cattle, hogs chickens & all Farm Machinery and equipment, feed & potatoes. $ . . . J. A. Snyderwine." The defendant, in his affidavit of defense, did not specifically set forth whether he claimed the property as a purchaser for a valuable consideration or as a donee of a gift inter vivos. Defendant apparently studiously avoided all indication of his theory in that respect.

On the trial of the case the plaintiff produced testimony tending to show that the chattels were the property of the decedent prior to November 23, 1936, and that they remained on the farm owned by the plaintiff and decedent on November 24, 1936, under circumstances which the jury might find to be consistent with possession and ownership of the chattels by the decedent at the time of his death. Mrs. Snyderwine and John H. Evans, vice-president of the McDowell National Bank, each testified that defendant had stated in their presence that he had not paid the consideration recited in the receipt. The defendant did not deny the statements attributed to him. There was additional testimony tending to show the circumstances under which the defendant managed the farm, both before and after Snyderwine's death, and handled the cash proceeds from the

farm through a bank account in his own name, including payments therefrom to the administratrix, all in a manner alleged to be inconsistent with defendant's claim of ownership. The defendant at the trial, without formally abandoning a claim of purchase for a valuable consideration, took the position that the transfer could in any event be sustained as a gift. He produced two witnesses who testified to conversations with the decedent. One Edward Reimold testified that prior to September 15, 1936, decedent had said to him: "I'm going to take care of Howard [the defendant]. I'm going to turn the personal property all over to Howard." K. L. Dunbar, a partner of decedent, testified that he had a conversation with decedent about noon the day of his death and after the date of the receipt in which "he [the decedent] told me [Dunbar] in the presence of Mr. and Mrs. McGrath it was his intention to convey title to all the equipment and stock on the farm to Mr. McGrath."

In her brief, plaintiff assumes that the testimony of Evans and plaintiff herself eliminated any possibility of a consideration to support a sale and then argues that the evidence was not sufficient to sustain a claim of title by gift. This assumption is unwarranted. While the testimony of the two witnesses, plaintiff and Evans, would be sufficient if believed to rebut the prima facie presumption of payment raised by the receipt, the jury may not have believed them and the credibility of the witnesses was for the jury: *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523. The verdict for defendant may have been based on a finding that Snyderwine had actually transferred the chattels to defendant for a valuable consideration. We also call attention to the fact that even though the receipt recited payment of a definite consideration, it may, when considered with other circumstances, be evidence of a gift rather than a sale: *Fassett's Appeal,* 167 Pa. 448, 31 A. 686; *Horn v. Buck,* 5 Sadler 480, 8 A. 609; *Paige v. Paige,* 53 Pa. Superior Ct. 311, 315. We therefore cannot say as a matter of

law that the verdict is not sustained by the evidence of the defendant if believed. Motion for judgment for plaintiff was properly refused. A much more serious question is presented with relation to the plaintiff's motion for a new trial and the allegation in that respect that the charge of the court was inadequate and misleading.

"It is a primary duty of the trial judge—a duty that must never be ignored—in charging a jury to clarify the issues so that the jury may comprehend the questions they are to decide": *Sears v. Birbeck,* 321 Pa. 375, 383, 184 A. 6; *Atlas Bolt & Screw Co. v. Komins,* 138 Pa. Superior Ct. 474, 477, 10 A. 2d 871. Such clarification is impossible without clear instructions as to the burden of proof. The jury should also be further advised as to the law applicable to the case.

Turning to the charge as it was delivered, we find that the court rehearsed the evidence produced by each party so fully and accurately that there is no complaint in that respect. As to the issues involved, the law applicable, and the burden of proof present here, we deem the charge insufficient and misleading. In that respect the jury were advised that if they found that when Snyderwine died he owned the property in dispute, then the plaintiff was entitled to recovery, while if they found that Snyderwine in his lifetime "transferred the livestock, etc. . . . to Mr. McGrath", then they would return a verdict in favor of defendant. It was also stated that in order to transfer personal property from one person to another it is necessary that the owner intend to pass title to the other and that he carry out that intention by either a physical delivery or a symbolic delivery indicating a clear intention to pass the title, and that "in any civil suit the burden is upon the plaintiff to prove his case by evidence which preponderates in his favor," or by the fair weight of the evidence.

The general statement by the trial judge that it was for the jury to determine who owned the chattels at the date of decedent's death made a good beginning, but it

left the jury with practically no aid in solving the real problem presented. It is true that this confusion has arisen by reason of the condition in which the pleadings were left. As the proofs were made under the pleadings, the defendant clung to two theories as the basis of his claim, a purchase and a gift. While a written receipt reciting payment of a valuable consideration may, when considered with other circumstances, be evidence of a gift rather than of a sale, as we have heretofore shown, the jury was nevertheless required to give consideration to both theories which were not, under the circumstances, consistent with each other. This was particularly true in view of the fact that the quanta of proofs required were not the same in the case of a gift and a sale. The jury might well have been advised that it would promote an orderly exploration of the problem if they should first consider whether the evidence was sufficient to show by a fair preponderance that the title passed from the decedent to the defendant for a valuable consideration, and that if that question was not resolved in favor of defendant, they then should consider whether the evidence would support a gift.

They then should have been fully advised as to the essentials of a valid gift. See *Henderson v. Hughes,* 320 Pa. 124, 126, 182 A. 392; *Yeager's Estate,* 273 Pa. 359, 117 A. 67; *Leadenham's Estate,* 289 Pa. 216, 137 A. 247. More particularly, they were entitled to know that the gift, under the circumstances, must be supported by evidence that is clear and convincing; that the gift must be so completed, accompanied or followed by delivery of possession to the donee, as to place the property beyond the control of the donor; that a gift to a stranger to the donor should be more carefully scrutinized than one to a near relative. It is not a correct statement of the law to say that a gift in the circumstances present here can be made out by a mere preponderance of the evidence, for when a gift inter vivos is first asserted after the donor's death, it must be established by clear and

satisfactory evidence. In *Taylor v. Paul,* 6 Pa. Superior Ct. 496, 501, it was said: "To instruct the jury that a fact must be established by 'the weight of the evidence' is not equivalent to saying that it must be established 'by clear and satisfactory evidence'. The latter implies a higher degree of proof than the former." In *Guernsey v. Froude,* 13 Pa. Superior Ct. 405, it was also said that an instruction that the fair weight and preponderance of the testimony was sufficient did not meet the require-ments of the decisions and for that reason the judgment was reversed. Also, see *Suravitz.v. Prudential Ins. Co.,* 261 Pa. 390, 400, 104 A. 754.

Owing to the fact that counsel for the plaintiff was in part responsible for the failure to ask for more spe-cific instructions when an opportunity so to do was given, we probably would not reverse in this case if the only complaint were as to the failure to call attention to the fact that the evidence must be clear and satisfactory or clear and precise. The serious objection to the charge is that the jury were not advised that there were two distinct bases for defendant's claim, purchase and gift. The charge left the jury in a position where their attention had only been directed to the question to be decided without advice as to the separate theories and the rules applicable to each. They must have been confused, for certainly counsel were in presenting the case. In fact the responsibility for the necessity for a new trial rests upon counsel on both sides rather than upon the court which made a suggestion in the course of the trial as to the form of the verdict which would probably have avoided the necessity for a new trial.

We are inclined to believe that if the trial judge had not misunderstood the applicable law he would have granted a new trial. In the opinion dismissing the plaintiff's motions the court below said: "The expressions 'clear and satisfactory evidence', 'clear, precise and indubitable evidence', 'definitely and distinctly established' and the like, are technical in meaning beyond the com-

prehension of a jury, consequently the Court may not properly direct the jury to determine whether the proof measures up to the prescribed standard." To sustain the statement of the court below in the connection in which it was made would be to ignore the exclusive province of the jury to dispose of questions of fact. The court may, as a matter of law, say that the evidence produced is not sufficiently clear and precise or clear and convincing to establish a factum probandum. This is done frequently on motions for non-suit, binding instructions, and judgment n. o. v., but in such cases the facts must be considered in a light most favorable to the party against whom the decision is being made. It is assumed in such cases that the jury knew the quantum of proof required and that they had first passed upon the questions of fact in the light of such knowledge. Here the objections are that misleading instructions were given, that the jury were not instructed to separately consider the two defenses, and that they were not advised as to the quantum of proof required to sustain a gift. To say that the jury cannot determine whether or not evidence is clear and satisfactory in coming to a verdict is to ignore the Nanty-Glo case, supra, and many other similar decisions.

Judgment reversed with a venire facias de novo.