J. A02009/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY THOMAS ANASTASIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CELESTE A. MORELLO, | : | No. 2700 EDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the Judgment Entered October 31, 2012,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. August Term, 2008, No. 01788

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:    **FILED AUGUST 28, 2014**

Appellant appeals the judgment entered following a hearing on damages pertaining to a default judgment appellant obtained against appellee.  The trial court found that appellant failed to prove any damages and awarded none.  Appellant now appeals.

The trial court briefly summarized the factual background:

> This case involves dueling claims for various forms of defamation arising out of a dispute in the "Italian Market" where Anthony Anastasio owns a business and Celeste Morello was selling her cookbook.  This case commenced on August 15, 2008 when Anthony Anastasio, (herein, Appellee) filed suit against Celeste Morello, (herein, Appellant) alleging defamation.  The Appellant filed an Answer on March 16, 2009 and filed a counterclaim alleging defamation and "false light".  On June 3, 2009, the Honorable Idee C. Fox granted Appellant's unopposed Motion for Judgment on the Pleadings thereby dismissing the Appellee's complaint with

_____

* Retired Senior Judge assigned to the Superior Court.

prejudice. Thereafter on June 20, 2011 the Appellant secured a default judgment on her counterclaim when the Appellee failed to appear at trial. The Appellant's newly hired attorney, William J. Fox, Esq. filed a motion for a hearing on damages; it was granted by the Honorable Paul P. Panepinto. The Appellee's motion to Open Judgment was denied by the Honorable Paul P. Panepinto. On January 30, 2012, this Court held a hearing on the issue of damages finding that despite the Appellant's default judgment against the Appellee, she failed to prove damages for defamation existed. Two days later, Appellant's attorney William J. Fox, Esq. withdrew his appearance.

The Appellant filed a Motion for Reconsideration of this Court's order assessing no damages, docketed on January 31, 2012; this Court found no reason to respond. The Appellant also filed an untimely Post Trial Motion which this Court accepted as it appeared that when the Prothonotary withdrew the appearance of William J. Fox, they failed to process the Appellant's Pro Se entry of appearance. This Court denied the Appellant's Post Trial Motion and docketed the Order on June 26, 2012. On August 7, 2012 the Prothonotary entered a corrective entry detailing the above "entry of appearance" mistake; it again appeared that the Appellant had not received notice that her Post Trial Motion was denied. Subsequently, the Appellant appealed to the Superior Court on August 8, 2012.

Trial court opinion, 12/4/12 at 1-2.

On appeal, appellant states her issues as follows:

1. Did the lower court err in the damages hearing by not providing a legal basis to deny damages to Appellant where an unappealed default judgment was entered against Appellee who waived all defenses and objections to all of the categories of damages in the Appellant's defamation and false light claims?

> 2. Did the lower court err and abuse its discretion by failing to follow legal procedure and Pennsylvania law while presiding over the damages hearing where the defaulting party, the Appellee, had waived his defenses, and admitted to the claims?
>
> 3. Should a new damages hearing be granted because the lower court's words and actions were not in conformity with the law and had injured Appellant's rights, and such words and actions by the judge at the damages hearing lacked soundness for a lawful judgment?

Appellant's brief at v.

We must first note the many and largely insurmountable obstacles to appellate review of these issues. First and foremost is appellant's failure to ensure that the notes of testimony from the damages hearing was included with the certified record on appeal. "The failure of the appellant to ensure that the original record certified for appeal contains sufficient information to conduct a proper review may constitute a waiver of the issues sought to be examined." *Kessler v. Broder*, 851 A.2d 944, 950 (Pa.Super. 2004).[1] Appellant is essentially arguing that she presented sufficient evidence of

---

[1] Although this responsibility legally belongs to the appellant, it is our practice to contact the trial court to attempt to obtain vital, but missing parts of the record. Our prothonotary has reported to us that the trial court was unable to find any notes of testimony. Thus, we have no choice but to make appellant bear the consequences of a critically incomplete record. Clearly, the notes of testimony existed at some point because appellant has appended copies of a few pages from the notes of testimony to her appellate brief and reply brief as reproduced record. Nonetheless, the few pages that are provided are woefully insufficient for our review, and we also note that reproduced record cannot substitute for the original certified record. *Kessler*, 851 A.2d at 950.

damages at trial to merit an award; however, without the notes of testimony it is impossible for this court to determine the basic issue that underlies this entire appeal. Consequently, we can find no reason to reverse the trial court's finding that appellant did not produce sufficient evidence of damages.

Other major impediments exist. Appellant is proceeding **pro se**, and while she does cite case precedent for support, her rambling brief reveals that she is not conversant with the law or its application. The brief also does not follow the statement of issues, but randomly raises and re-raises at later points several unstated issues. Ultimately, appellant appears to be of the belief that once she has obtained a default judgment, she is automatically entitled to some damages. That is simply not the law.

Finally, we are without the guidance of a trial court opinion. The trial court determined that appellant's response to the order to file a concise statement of errors complained of on appeal was so prolix as to constitute a waiver of appellate rights, found no appealable legal issues, and provided no analysis.

We will now attempt to review some of the issues posed by appellant's brief. Appellant contends that the trial court failed to follow the submitted Pennsylvania Standard Jury Instructions as to awarding damages. However, as appellee argues, the instructions repeatedly use the term "may," which is permissive, rather than "shall," which is mandatory. We also note that the instructions speak in the conditional ("if you find"). Appellant apparently

believes that the instructions mandate a finding of damages, but clearly the language is permissive and conditional and does not mandate damages.

Appellant next complains that the trial court failed to provide any legal basis for its June 26, 2012 order awarding no damages and failed to provide any legal basis in the ensuing opinion. The June 26, 2012 order was essentially the same as a jury verdict, that is, it was a finding of fact that appellant proved no damages. No legal analysis was called for and no conclusions of law needed to be made. Although the trial court did not address this matter in its ensuing opinion for reasons already explained, had it done so it may have indicated how appellant failed to meet her burden or noted that the court found certain proffered evidence to be not credible. However, this merely would explain the trial court's finding of fact and would not constitute legal analysis. Simply stated, the trial court's finding that appellant failed to prove damages does not require legal analysis, and without a transcript we are unable to review this finding.

Next, appellant believes that the trial court made an improper assessment as to liability between the parties where such had already been determined by the default judgment. Appellant's belief is based upon the following alleged comments by the trial court:

> THE COURT: This is where the Court, when I explain
> to the jury preponderance of the evidence, scales of
> justice preponderance.

> MR. FOX: Preponderance of the evidence is the standard. We have to prove by preponderance of the evidence that she sustained damages.
>
> THE COURT: Now, both counsel, what happens when the scales remain balanced at the end of the case? They remain equal?

Unattributed notes of testimony.

Appellant argues that the court's use of the "scales" language suggests that it considered a contributory negligence defense.[2] We disagree. Especially in light of appellant's counsel's alleged remark clarifying the standard of proof as to damages, it is clear that the trial court was merely observing that appellant had failed to tip the scales as to damages in her favor. This was not an assessment as to contributory negligence or liability.

Appellant next complains that the trial court failed to indicate in his opinion that he had read the Counterclaim. Appellant asserts that a reading of the Counterclaim is essential to an assessment of damages. "It is not open to question that . . . facts averred in [pleadings] . . . are not evidence unless placed in evidence by the trial judge or counsel." **Singleton v. Johnson**, 929 A.2d 1224, 1231 (Pa.Cmwlth. 2007), quoting **Atlas Bolt and Screw Company v. Komins**, 10 A.2d 871, 872 (Pa.Super. 1940). Thus, it would have been improper for the trial court to consider the averments in

---

[2] One of the counts of the Counterclaim was for negligent defamation. Appellant suggests that appellee raised a defense of contributory negligence at the damages hearing. We have no way to verify this.

the Counterclaim except where they were placed in evidence. Appellant makes no assertion that any of the averments were placed into evidence.

Appellant next asserts that the trial court failed to make computations for a sum certain as to each itemized category of appellant's damages. We see no error. Where a court has found that no damages have been proven, it would be a pointless exercise to have the court itemize each category of damages and thereafter note an award of "$0.00."

In conclusion, we find no basis to reverse the trial court's finding that appellant failed to prove any damages. Appellant's central premise that her default judgment compels a finding of damages is incorrect. Moreover, the certified record that has been compiled on appeal does not permit us to review whether appellant proved any damages at the hearing. Accordingly, we will affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014